PETER B. MARETZ, SBN 144826
pmaretz@stokeswagner.com
STOKES WAGNER ALC
600 West Broadway, Suite 910
San Diego, CA 92101
Telephone: (619) 232-4261
Facsimile: (619) 232-4840

Attorneys for Plaintiff SAJAHTERA INC.
DBA THE BEVERLY HILLS HOTEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAJAHTERA, INC., a Delaware Corporation, dba THE BEVERLY HILLS HOTEL, <br><br> Plaintiff, <br><br> v. <br><br> KITROSS APPAREL LOS ANGELES, LLC, and Does 1-50. <br><br> Defendants. | Case No.: 2:23-cv-08005 <br><br> **COMPLAINT FOR:** <br><br> **1. TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114** <br><br> **2. TRADEMARK DILUTION, 15 U.S.C. § 1125(C)** <br><br> **3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200** <br><br> **DEMAND FOR JURY TRIAL** |

SAJAHTERA, INC. DBA THE BEVERLY HILLS HOTEL (hereinafter "Plaintiff," "The Beverly Hills Hotel," or "the Hotel") by and through its attorneys of record, Stokes Wagner, ALC, for its Complaint against KITROSS APPAREL LOS ANGELES, LLC., ("Defendant", or "Kitson Kitross"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

This is an action for infringement of Plaintiff's famous federally registered trademark, the words and stylized lettering of "The Beverly Hills Hotel," under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for the substantial and related claim for violation of the Unfair Competition Law ("UCL") under the state and common laws of the State of California, all arising from Defendant's unauthorized use of Plaintiff's trademark in the distribution, advertising, promotion, and sale of Defendant's products.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, which grants original jurisdiction to the courts of the United States over actions arising under this chapter, and under 28 U.S.C. § 1338(a), which grants original jurisdiction to the courts of the United States over actions arising under any Act of Congress relating to trademarks.

2. This Court has supplemental jurisdiction 28 U.S.C. § 1367 (a), which grants a federal district court jurisdiction over state-law claims that the court would not otherwise have subject matter jurisdiction to hear, as long as the claims are part of the same case or controversy as the claims over which the court has original jurisdiction. Here, the state claim for violation of the UCL is part of the same case or controversy as the federal claims which this Court has subject matter jurisdiction.

3.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) in that the claim arises in this Judicial District, and the Defendant may be found to reside in this Judicial District.

4.    Defendant is subject to the general and specific personal jurisdiction of this Court because of its contacts with the State of California.

## PARTIES

5.    The Beverly Hills Hotel is recognized as an iconic luxury hotel with celebrity clientele and exceptional service. The Beverly Hills Hotel is a corporation that is incorporated in Delaware and has its principal place of business at 9641 Sunset Blvd., Beverly Hills, CA 90210.  The Beverly Hills Hotel owns the trademark "The Beverly Hills Hotel," and the distinctive stylized lettering used by the Hotel on its façade, signs, public relations materials, website, and merchandise.

6.    The Beverly Hills Hotel is informed and believes that Kitross Apparel Los Angeles, LLC is a corporation with its principal place of business at 115 S. Robertson Blvd Los Angeles, CA 90028. Kitson Kitross operates three additional brick-and-mortar storefronts which have the physical addresses of 101 N. Robertson Blvd. Los Angeles, CA 90048; 420 N. Beverly Drive Beverly Hills, CA 90210; and 15248 W. Sunset Blvd Pacific Palisades, CA 90272. Kitson Kitross is made a party to this lawsuit because the Hotel is informed and believes that they have infringed upon its trademark in the company's products, marketing, and website.

## FACTS

7.    The Hotel was built in 1912, two years before the incorporation of the City of Beverly Hills.  Since its doors opened, the Hotel has been recognized as an iconic luxury hotel with celebrity clientele and exceptional service.  In fact, in 2012, at its 100th anniversary commemoration ceremony, the Hotel was honored as the first historic landmark in Beverly Hills.

8.    Both the words and the stylized text of "The Beverly Hills Hotel" are registered service marks (U.S. Reg. No. 1498143 and U.S. Reg. No. 1516814,

respectively) (collectively, the "Mark"), (See Ex. A), and have been used in connection with the Hotel for over seven decades. The Mark is instantly recognizable, both nationally and internationally, and its prominence has undoubtedly contributed to the Hotel's historical success. As a result, the Hotel has taken, and is willing to take, great measures to ensure its exclusive use of the Mark and protect this valuable asset.

9. On August 11, 2023, the Hotel discovered that Defendant opened a location of its brick-and-mortar storefronts at 420 N. Beverly Drive, Beverly Hills, CA 90210 selling merchandise containing the Hotel's protected mark. The Kitson – Beverly Hills location included a variety of clothing apparel, products, and accessories with the words "Beverly Hills" written in the Hotel's protected, stylized lettering ("infringing marks"). (See Ex. B).

10. The products featured on Defendant's storefront were also sold on their online store, which can be found at kitsonlosangeles.com. Products that utilize the Hotel's trademark include, but are not limited to, the "Beverly Hills Green Sweatshirt" "Womens Pink Beverly Hills Hoodie" ("infringing products"). (See Ex. B).

11. On August 31, 2023, The Beverly Hills Hotel sent Defendant a cease and desist letter, which set forth the Hotel's concerns as well as its potential claims. The Hotel gave Defendant 15 days, or until September 15, 2023, to confirm that it would stop using the Hotel's protected mark. (See Ex. B). That same day, the Hotel sent a cease and desist letter to the manufacturer of the infringing clothing, John E. Eshaya ("Mr. Eshaya") (See Ex. C).

12. On September 5, 2023, five days after receiving the cease and desist letter, Mr. Eshaya contacted Plaintiff's counsel to discuss the trademark infringement claims. After the telephone call, Mr. Eshaya sent an email correspondence to Plaintiff's counsel where he immediately agreed to *"cease and desist all manufacturing of Beverly Hills type face ... and destroy the Beverly Hills Font*

*screens."* (See Ex. D)

13. On or around September 6, 2023, Defendant's owner, Fraser Ross ("Mr. Ross") called Plaintiff's counsel to discuss the cease and desist letter. Plaintiff's counsel explained that the scope of the demand was only to the infringing products, those products that used the stylized lettering, and does not pertain to any products that did not contain the stylized lettering or infringing marks. Mr. Ross disagreed with Plaintiff's counsel's position for pursuing their trademark claim and said he would not stop selling his current inventory of infringing products.

14. On Sunday September 10, 2023, Mr. Ross emailed Plaintiff's counsel doubling down on their infringement conduct stating "*[w]e will sell through the product with the font you are concerned with and change to another font. We have many fonts with the word Beverly Hills. . . The solution is to sell through the limited merchandise and change to many different fonts.*" (See Ex. E.)

15. After this response, on September 12, 2023, The Hotel sent another formal correspondence stating they would not allow Defendant to "sell through" the infringing product. The Hotel again requested Defendant stop selling the infringing products immediately and confirm in writing they would oblige with the Hotel's requests.

16. On September 13, 2023, Plaintiff's counsel and Mr. Ross met and conferred via telephone regarding the Hotel's September 12, 2023, correspondence to Defendant. The Hotel's counsel, again, made it clear that Defendant needed to stop selling the infringing products. Mr. Ross argued that they needed more time to sell the infringing products whilst acknowledging that the products were in fact infringing on the Hotel's protected mark. However, Mr. Ross did not ask for a specific extension and said it could take the rest of the year to sell the products, but he was not sure.

17. After the telephone conference, that same day, Plaintiff's counsel sent another letter correspondence to Mr. Ross demanding Defendant stop selling the infringing products by September 13, 2023, and if they refused, the Hotel would

proceed to file lawsuit for trademark infringement. (See Ex. F).

18. Despite Plaintiff's various demands, Defendant refused to stop selling the infringing products at their brick-and-mortar storefronts. The Hotel has been patient with Defendant and remained respectful and calm after Defendant made egregious allegations regarding Defendant's fallacious theory behind the intent of the Hotel's cease and desist demands. Thus, although many efforts have been made to avoid litigation, Defendant has given The Beverly Hills Hotel no alternative but to file suit to protect its basic trademark rights from willful infringement.

## FIRST CLAIM FOR RELIEF

**(Civil Action under 15 U.S.C. § 1125(a))**

19. Plaintiff repeats and realleges paragraph 1 through 18 hereof, as its fully set forth herein.

20. Both the words and stylized text of "The Beverly Hills Hotel" are registered marks (U.S. Reg. No. 1498143 and U.S. Reg. No. 1516814, respectively) (collectively, the "Mark"), and have been used in connection with the Hotel for over seven decades. The Mark is instantly recognizable, both nationally and internationally, and its prominence has undoubtedly contributed to the Hotel's success.

21. The federal trademark infringement statutes, under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, prohibit any person from using "in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

22. The holder of a registered trademark can file a trademark infringement claim against any person who, without the registered trademark holder's consent:

  (1) uses any reproduction, counterfeit, copy, or colorable imitation of a registered mark;

  (2) in commerce;

  (3) in connection with the sale, offering for sale, distribution, or advertising of any goods or services;

  (4) where such use is likely to cause confusion, or to cause mistake, or to deceive.

*Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988); *see also* 15 U.S.C. § 1125(a).

  23. Defendant utilized The Beverly Hills Hotel's registered mark without the Hotel's consent. Defendant sold a colorable imitation of the registered mark by writing "Beverly Hills" in the Hotel's protected, stylized lettering on a variety of merchandise including, but not limited to, shirts, hoodies, sweatpants, sweaters, and accessories. Defendant sold the infringing products on their online store kitsonlosangeles.com and their brick-and-mortar storefront – Kitson Beverly Hills.

  24. There is no doubt Defendant infringed upon an actively registered trademark that is strongly associated with the Hotel. Defendant's use of the Hotel's protected, distinctive stylized marks on its merchandise and website is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with the Hotel, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by the Hotel.

  25. The Hotel attempted to resolve the issue without litigation by sending Defendant multiple cease and desist letters. Defendant's initial reaction to Hotel's cease and desist letter was to attack the Hotel and make false accusations about the Hotel's intent in enforcing their legal rights to protect their trademark. Mr. Ross, as an agent of Defendant, admitted the merchandise contained the Hotel's protected and stylized letter but refused to stop selling the infringing products. Defendant's "answer" to their infringing activity was to "sell through" all the infringing

merchandise they currently had in stock. Defendant agreed to change the specific stylized lettering of the clothing but did not agree to stop selling the infringing products. Although Defendant removed the infringing products from their online store *after* receiving the Hotel's cease and desist, it has not agreed to stop selling in store. Defendant's actions demonstrate that their infringement of the Hotel's trademark is willful, and entitles the Hotel to recover (1) defendant's profits, (2) damages, and (3) the costs of this action pursuant to 15 U.S.C. § 1117, all of which are not yet fully ascertainable.

26. Defendant has willfully infringed, and unless enjoined, will continue to infringe The Beverly Hills Hotel's trademark by using a colorable imitation of the mark in commerce in connection with the sale, offering for sale, distribution, or advertising of any goods or services where such use is likely to cause confusion. The Beverly Hills Hotel seeks injunctive relief pursuant to 15 U.S.C. § 1116.

27. Because Defendant committed a violation under 15 U.S.C. § 1125(a), the Beverly Hills Hotel asks the Court to order all items in possession of the Defendant, bearing the registered mark or a colorable imitation thereof, to be delivered and destroyed pursuant to 15 U.S.C. § 1118.

28. The said wrongful acts of Defendant has caused, and are causing, great injury to The Beverly Hills Hotel, which damage cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, it will suffer irreparable injury, for all of which is without an adequate remedy at law. Furthermore, The Beverly Hills Hotel has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

/ / /

/ / /

/ / /

/ / /

# SECOND CLAIM FOR RELIEF

**(Dilution by Blurring and/or Dilution by Tarnishment under 15 U.S.C. § 1125(c).)**

29. Plaintiff repeats and realleges paragraph 1 through 28 hereof, as its fully set forth herein.

30. Defendant's use of the Hotel's protected, distinctive stylized lettering constitutes as dilution by blurring and/or dilution by tarnishment, as his infringement harms the reputation of the Hotel's famous mark pursuant to 15 U.S.C. § 1125(c).

31. The Hotel will establish this claim by showing: (1) its mark is famous; (2) Defendant made a commercial use of the mark; (3) Defendant's use began after the mark became famous; and, (4) Defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services.

32. The Hotel's mark is famous as it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the Hotel. (See 15 U.S.C. §1125(c)(2)(A).) Defendant made a commercial use of the Hotel's mark by printing the Hotel's mark on its merchandise, which Defendant sells on their website and storefronts. Defendant's use of the mark on such products began decades after the Hotel's mark became famous. Lastly, Defendant's use of the Hotel's mark creates a likelihood of confusion as to the association between the two businesses, diminishing the capacity of the mark to identify and distinguish goods and services.

33. As a result of Defendant's infringement, The Beverly Hills Hotel has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

34. The Hotel attempted to resolve the issue without litigation by sending Defendant multiple cease and desist letters. Defendant's initial reaction to Hotel's

cease and desist letter was to attack the Hotel and make false accusations about the Hotel's intent in enforcing their legal rights to protect their trademark. Defendant admits the merchandise contained the Hotel's protected and stylized letter but refused stop selling the infringing products. Defendant's "answer" to their infringing activity was to sell through all the infringing merchandise they currently had in stock. Defendant has refused multiple times to stop engaging in this illegal conduct of selling infringing products. Defendant removed the infringing products from their online store *after* they received the cease and desist, but refused to stop selling in store. Defendant *continues* to sell the infringing products. Defendant's actions demonstrate that his infringement of the Hotel's trademark is willful, and entitles the Beverly Hills Hotel to recover (1) defendant's profits, (2) damages, and (3) the costs of this action pursuant to 15 U.S.C. § 1117, all of which are not yet fully ascertainable.

35. Defendant has willfully infringed, and unless enjoined, will continue to infringe The Beverly Hills Hotel's trademark by using a colorable imitation of the mark in commerce in connection with the sale, offering for sale, distribution, or advertising of any goods or services where such use is likely to cause confusion. The Beverly Hills Hotel seeks injunctive relief pursuant to 15 U.S.C. § 1116.

36. Because Defendant committed a willful violation under 15 U.S.C. § 1125(c), the Court may order all items in possession of the Defendant, bearing the registered mark or a colorable imitation thereof, to be delivered and destroyed pursuant to 15 U.S.C. § 1118.

37. The said wrongful acts of Defendant has caused, and are causing, great injury to The Beverly Hills Hotel, which damage cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, it will suffer irreparable injury, for all of which is without an adequate remedy at law. Furthermore, The Beverly Hills Hotel has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to

goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## THIRD CLAIM FOR RELIEF

### (Violation of California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code § 17200.)

38. Plaintiff repeats and realleges paragraph 1 through 37 hereof, as its fully set forth herein.

39. Defendant's use of The Beverly Hills Hotel's protected, stylized lettering without the Hotel's consent constitutes as false, unfair, fraudulent and deceptive business practice within the meaning of California Business and Professions Code § 17200.

40. As a result of Defendant's unlawful acts, Defendant has reaped and continues to reap unfair benefits at the expense of Plaintiff. Defendant should be enjoined from this illegal activity and made to disgorge these ill-gotten gains and restore Plaintiff pursuant to Cal. Bus. & Prof Code § 17203.

41. As a direct and proximate result of the unfair business practices of Defendant, The Beverly Hills Hotel is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of profits which have been unlawfully earned by Defendant.

42. The Beverly Hills Hotel further requests that the Court issue a preliminary and permanent injunction prohibiting Defendant from continuing to infringe upon the Hotel's trademark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Beverly Hills Hotel requests judgment against Defendant as follows:

1. For an order permanently enjoining Defendant, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from any use of the Hotel's registered mark, including on

Defendant's products, and enjoin the use of the Hotel's famous mark in any manner, including use of the mark as a marketing tool on any and all websites, marketing materials, merchandise, logos (both print and digital), and any other such commercial and/or promotional material;

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon The Beverly Hills Hotel's trademark, including but not limited to labels, signs, prints, packages, shirts, polos, shirts, hoodies, advertising materials, internet website, photographs, or any other product and media, either now known or hereafter devised, bearing any design or mark which infringe upon The Beverly Hills Hotel's trademark;

3. For actual damages and disgorgement of all profits derived by Defendant from his acts of willful trademark infringement and to reimburse the Beverly Hills Hotel for all damages suffered by reasons of Defendant's acts, pursuant to 15 U.S.C. § 1117;

4. For an accounting of all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon The Beverly Hills Hotel's trademark pursuant to 15 U.S.C. § 1117;

5. For costs and interest pursuant to 15 U.S.C. § 1117(a);

6. For reasonable attorneys' fees incurred herein pursuant to 15 U.S.C. § 1117(a);

7. For an order permanently enjoining Defendant, his officers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them, from making any use of the trademark without the consent of The Beverly Hills Hotel; and

8. For any such other and further relief as the Court may deem just and appropriate.

DATED: September 25, 2023

STOKES WAGNER ALC

By: _____
PETER B. MARETZ
Attorneys for Plaintiff SAJAHTERA,
INC. DBA THE BEVERLY HILLS
HOTEL

**COMPLAINT**