Jeremy D. Smith (SBN 242430)
jsmith@kranesmith.com
Craig S. Berman (SBN 195718)
cberman@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Blvd., Suite 600
Encino, CA 91436
(818) 382-4000 Telephone
(818) 382-4001 Facsimile

Attorneys for Defendant KITROSS
APPAREL LOS ANGELES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION – L.A.

| | |
|---|---|
| SAJAHTERA, INC., a Delaware corporation, dba THE BEVERLY HILLS HOTEL,<br><br>Plaintiff,<br><br>v.<br><br>KITROSS APPAREL LOS ANGELES, LLC, a California limited liability company; and DOES 1 through 50,<br><br>Defendants. | CASE NO. 2:23-cv-08005<br><br>[Assigned to Hon. Michael W. Fitzgerald, Courtroom 5A]<br><br>**DEFENDANT'S MOTION TO DISMISS, DECLARATION OF JEREMY D. SMITH**<br><br>January 8, 2024<br>Time:      10:00 a.m.<br>Judge:    Michael W. Fitzgerald<br>Court:    5A<br><br>Complaint filed: September 25, 2023<br>Trial date:      None assigned |

i

## DEFENDANT'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

*Page*

NOTICE ........................................................................................................ v

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

I.   INTRODUCTION ................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................ 2

III. LEGAL STANDARD ........................................................................... 3

IV.  ARGUMENT ......................................................................................... 4

    A.   The Allegations in the Complaint Show that Kitross's Use of the Phrase "Beverly Hills" on its Merchandise is Aesthetically Functional, Not Source Identifying ........................................... 4

    B.   BH Hotel has Not Stated a Claim for Dilution ......................... 9

        1.   BH Hotel has Not Sufficiently Pleaded that is Service Marks are Famous ........................................................... 9

        2.   BH Hotel has Not Alleged that Kitross Used an Identical or Nearly Identical Mark to its Mark "The Beverly Hills Hotel" ............................................................................. 10

    C.   The Complaint Does Not State a Claim for Unfair Competition Under California's Business & Professions Code § 17200 for the Same Reason it Fails to State the Federal Claims ................ 11

V.   CONCLUSION ..................................................................................... 13

Declaration of Jeremy D. Smith ................................................................. 14

**DEFENDANT'S MOTION TO DISMISS**

## <u>TABLE OF AUTHORITIES</u>

### <u>*CASES*</u>                                                                                   <u>*Page(s)*</u>

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ........................................................ 3-4

*Au-Tomotive Gold, Inc. v. Volkswagen of Am. Inc.* (9th Cir. 2006) 457 F.3d
   1062 ........................................................................................................ 5

*Bell Atlantic v. Twombly* (2007) 550 U.S. 544 ............................................ 4

*Cleary v. News Corp.* (9th Cir. 1994) 30 F.3d 1255 ................................... 11

*Coach Servs., Inc. v. Triumph Learning LLC* (Fed. Cir. 2012) 668 F.3d 1356 .... 9

*Cove USA LLC v. No Bad Days Entm't., Inc.* (C.D. Cal. Jan. 5, 2022) No.
   8:20-cv-02314-JLS-KES .................................................................... 7-8

*Dahon North America v. Hon,* (April 24, 2012 C.D. Cal.) No. 2:11-cv-
   05835-ODW (JCGx) ......................................................................... 9-10

*Ebner v. Fresh, Inc.* (9th Cir. 2016) 838 F.3d 958 ...................................... 4

*Eclectic Props. E., LLC v. Marcus & Millichap Co.* (9th Cir. 2014) 751 F.3d
   990 ........................................................................................................ 4

*Everest Capital, Ltd. v. Everest Funds Mgmt. LLC* (8th Cir. 2005) 393 F.3d
   755 ........................................................................................................ 9

*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.* (C.D. Cal. 2012) 925 F.Supp.2d
   1067 ................................................................................................. 5-6, 8

*International Order of Job's Daughters v. Lindeburg and Co.* (9th Cir. 1980)
   633 F.2d 912 ....................................................................................... 5

*Japan Telecom, Inc. v. Japan Telecom Am. Inc.* (9th Cir. 2002) 287 F.3d 866 .... 8

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.* (C.D. Cal. 2014) 998
   F.Supp.2d 890 .................................................................................... 11

*LTTB LLC v. Redbubble, Inc.* (N.D. Cal. 2019) 385 F.Supp.3d 916 ...... 6-7

*LTTB LLC v. Redbubble, Inc.* (9th Cir. 2021) 840 Fed. Appx. 148 .......... 5

*Nissan Motor Co. v. Nissan Computer Corp.* (9th Cir. 2004) 378 F.3d 1002 .... 9

*Playboy Enters. Inc. v. Welles* (9th Cir. 2002) 279 F.3d 796 ................. 10-11

*Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC (N.D. Cal. 2010) 680
   F.Supp.2d 1107, 1118-19* ................................................................ 8

*Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953 ................................... 3

*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979 ............. 10

**DEFENDANT'S MOTION TO DISMISS**

*CASES cont'd*                                                                    *Page(s)*

*Thane Intern., Inc. v. Trek Bicycle Corp.* (9th Cir. 2002) 305 F.3d 894        9

*Toro Co. v. ToroHead Inc.* (T.T.A.B. 2001) 61 U.S.P.Q.2d 1164                  9

*Two Pesos, Inc. v. Taco Cabana, Inc.* (1992) 505 U.S. 763                      4-5

*Visa Int'l Serv. Ass'n v. JSL Corp.* (9th Cir. 2010) 610 F.3d 1088            9

*Weintraub v. Sotheby's Int'l Realty, Inc.* (C.D. Cal. Nov. 1, 2018) No. 2:18-   8
    cv-6922-AB (KSx)


*STATUTES*                                                                        *Page(s)*

15 U.S.C. § 1125(c)(1)                                                          9

15 U.S.C. § 1125(c)(2)(B)                                                       10

15 U.S.C. § 1127                                                                4

California Business & Professions Code § 17200                                  11


*OTHER AUTHORITIES*                                                               *Page(s)*

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, §           9
    24: 104 at 24-286 (5th ed. 2019)

**DEFENDANT'S MOTION TO DISMISS**

**TO THE HONORABLE JUDGE AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that on January 8, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, at the First Street Courthouse, 350 First Street, Courtroom 5A, Los Angeles, California 90012, Defendant KITROSS APPAREL LOS ANGELES, LLC ("Kitross") will move this Court for a Motion to Dismiss ("Motion") the Complaint brought by Plaintiff SAJAHTERA, INC. dba THE BEVERLY HILLS HOTEL ("BH Hotel") against Kitross.

This Motion is made based on the grounds that BH Hotel's Complaint and exhibits show that Kitross has not used and is not using BH Hotel's registered mark "The Beverly Hills Hotel" but is only using "Beverly Hills," the proper name of a city, as an ornamental feature, not a source-identifier, on products offered for sale in Kitross's retail store located in Beverly Hills, California.  Such use by Kitross is not trademark infringement, dilution, or unfair competition as a matter of law.

Defendant's counsel met and conferred with Plaintiff's counsel, as required by L.R. 7-3, initially by sending a letter on October 30, 2023 which outlined the issues with BH Hotel's claims and then by telephone on November 13, 2023.  Counsel for the parties engaged in a meaningful discussion but were unable to agree on a resolution eliminating the need for this Motion.  (See Declaration of Jeremy D. Smith, ¶ 6.)

This Motion is based on this notice, the memorandum in support, the Declaration of Jeremy D. Smith, BH Hotel's Complaint and exhibits, any opposition and reply briefs, and the arguments of counsel at the hearing.


 DATED: November 22, 2023          KRANE & SMITH, APC

                                   By:  _/s/ Jeremy D. Smith_____
                                        Jeremy D. Smith
                                        Craig S. Berman
                                        Attorneys for Defendant KITROSS APPARE
                                        LOS ANGELES, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff SAJAHTERA, INC. dba THE BEVERLY HILLS HOTEL ("BH Hotel") ("BH Hotel") alleges that Defendant KITROSS APPAREL LOS ANGELES, LLC ("Kitross") infringes and dilutes BH Hotel's trademark "The Beverly Hills Hotel" and violates California's unfair competition law by offering clothing and other products displaying the phrase "Beverly Hills" in Kitross's Beverly Hills store and online.  The primary meaning of the name "Beverly Hills" is the city of Beverly Hills, California, famous for its luxurious homes (many owned by movie and television stars), its luxury shopping district, and its proximity to Hollywood, California.  No party has the right to take this famous proper name out of the public domain by combining it with a common noun like "hotel" to use as a trademark and then sue parties that use the city's name – not BH Hotel *'s* name – to refer to the city on commercial goods.  BH Hotel could allege *secondary* meaning for the specific trademarks it registered and uses, each of which includes the word "Hotel." But no amount of secondary meaning gives BH Hotel the right to prevent others from using the city's proper name for its *primary* meaning.  Customers buy t-shirts bearing the name "Beverly Hills" because they want a t-shirt to show their civic pride or to announce that they have visited this iconic American city, not because they believe such shirts are made or endorsed by BH Hotel.  The Ninth Circuit recognizes the doctrine of "aesthetic functionality" as a defense to trademark suits like this one, and for this reason BH Hotel's claim for federal trademark infringement should be dismissed with prejudice.

BH Hotel's dilution claim should be dismissed as well.  Dilution requires, among other things, that the plaintiff's mark be truly famous, not merely distinctive.  It also requires that the defendant use a mark identical or nearly identical to the plaintiff's famous trademark.  Here, BH Hotel's allegation that its trademark is famous is terse and conclusory, with no specific facts showing its supposed fame, so the Court need not and should not accept it in considering this motion.  BH Hotel's own allegations and exhibits show that Kitross has only used the words "Beverly Hills," which is not identical or confusingly

**1**

## DEFENDANT'S MOTION TO DISMISS

similar to BH Hotel's registered mark, to adorn its goods.  For at least these two reasons, BH Hotel has failed to state a claim for dilution.

The Ninth Circuit analyses claims for unfair competition under California's Business and Professions Code under the same standard as federal trademark infringement claims, so this claim should be dismissed for the same reason as the federal claims.  To the extent that BH Hotel alleges that Kitross's use of the "stylized lettering" or font used in its registered trademark is a different violation of California law, it has failed to explain why this is so and therefore fails state a claim on which relief can be granted.

## II.   FACTUAL BACKGROUND

BH Hotel is recognized as an iconic luxury hotel located in Beverly Hills, California with celebrity clientele and exceptional service.  (Dkt. 1 [Complaint], ¶ 5.)  BH Hotel owns the trademark "The Beverly Hills Hotel" in text and in the stylized lettering it uses on its façade, signs, public relations materials, website, and merchandise.  (*Id.*)  The asserted trademarks are registered for the goods and services "Hotel, Restaurant and Catering Services."  (*Id.*, Ex. A.)

Kitross is a corporation with its principal place of business in Los Angeles, California.  (*Id.*, ¶ 6; see Declaration of Jeremy D. Smith ["Smith Decl.], ¶ 2.)  Kitross operates three brick-and-mortar storefronts, including one located at 420 North Beverly Drive, Beverly Hills, California 90210.  (*Id.*)  It also operates an online store, which can be found at www.kitsonlosangeles.com.  On or about August 11, 2023, BH Hotel discovered that Kitross was selling, in its Beverly Hills location, a variety of clothing, products, and accessories with the words "Beverly Hills" written in BH Hotel's stylized lettering.  (Dkt. 1, ¶ 9 and Ex. B.)  One product is a pillow stating, "I'd rather be in Beverly Hills," in a fabric pattern with large green leaves on a pink background.  (Dkt. 1, Ex. B at ECF 9.)  None of the products have both words on the same line, as shown in the trademark search results in Ex. A, and none use the whole phrase "The Beverly Hills Hotel".  (Ex. B, at ECF 9.)  The same products, including a green sweatshirt and a pink hoodie, were also sold in Kitross's online store.  (Dkt. 1, ¶ 10.)  The products also had a black sewn-on label bearing a JET

## DEFENDANT'S MOTION TO DISMISS

logo and the name "John Eshaya".  (Dkt. 1, Ex. B, at ECF 17.)

On August 31, 2023, BH Hotel promptly sent a letter to Kitson Los Angeles (the name of the store run by Kitross) ("Kitson") alleging trademark infringement, trademark dilution, and violation of California's unfair competition law, and demanded that Kitson immediately cease and desist.  (Dkt. 1, Ex. B; Smith Decl., ¶ 3.)  The same day, BH Hotel sent a similar cease and desist letter to JET Corp.– John Eshaya, stating, among other things, "[i]t has recently come to our attention that you, JET Corp. –John Eshaya, operate a clothing line, Jet John Eshaya, and website jetjohneshaya.com, that manufacture and design numerous products containing the words 'Beverly Hills' in The Hotel's protected, distinctive lettering and colors."  (Dkt. 1, Ex. C.)  The letter to JET included the same allegations of infringement, dilution, and unfair competition as in the letter to Kitson and demanded that JET cease and desist.  (*Id.*)

On or around September 6, 2023, Fraser Ross, the owner of Kitson and Kitross, called BH Hotel's counsel to discuss the cease and desist letter.  On September 10, 2023, Mr. Ross sent an email to BH Hotel's counsel responding to the August 31, 2023 cease and desist letter.  Without admitting infringement or unfair competition, Mr. Ross proposed to phase out Kitross's use of BH Hotel's font, stating: "We will sell through the product with the font you are concerned with and change to another font."  (Dkt. 1, Ex. E.)  He explained, "Our flagship location is in Beverly Hills and we promote the City of Beverly Hills due to our location."  (*Id.*)  Mr. Ross's email concluded: "Please respond that selling through the merchandise is acceptable and moving forward with a new font."  (*Id.*)  This proposal was not, however, acceptable to BH Hotel.  On September 13, 2023, another cease and desist letter followed, threatening to "aggressively move forward with litigation."  (Dkt. 1, Ex. F; Smith Decl., ¶ 4.)  BH Hotel filed this action on September 25, 2023.  (Smith Decl., ¶ 5.)

## III.   <u>LEGAL STANDARD</u>

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  (*Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953, 959.)  "To survive a motion

## DEFENDANT'S MOTION TO DISMISS

to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face." (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 [quoting *Bell Atlantic v. Twombly* (2007) 550 U.S. 544, 570].)  The Court must disregard allegations that are legal conclusions, even when stated as facts.  (*See id.* at 681 ["It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."]; *Eclectic Props. E., LLC v. Marcus & Millichap Co.* (9th Cir. 2014) 751 F.3d 990, 996.)  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" (*Eclectic Props.*, 751 F.3d at 995 [quoting *Twombly*, 550 U.S. at 556-57] [internal citations omitted].)

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn from them, the complaint alleges a plausible claim for relief.  (*See Iqbal*, 556 U.S. at 679.)  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (*Ebner v. Fresh, Inc.* (9th Cir. 2016) 838 F.3d 958, 963 [quoting *Iqbal*, 556 U.S. at 679].)  But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not show[n] . . . the pleader is entitled to relief." (*Iqbal*, 556 U.S. at 679 [citations omitted].)

## IV.  ARGUMENT

### A.  The Allegations in the Complaint Show that Kitross's Use of the Phrase "Beverly Hills" on its Merchandise is Aesthetically Functional, Not Source-Identifying

Trademarks function to designate the source or origin of goods or services.  A trademark is defined in 15 U.S.C. § 1127 to include "any word, name, symbol, or device or any combination thereof" used by any person" to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." (*Two Pesos, Inc. v. Taco Cabana,*

*Inc.* (1992) 505 U.S. 763, 768.)

Not every use of a trademark is source-identifying.  The Ninth Circuit recognizes the aesthetic functionality doctrine adopted in *International Order of Job's Daughters v. Lindeburg and Co.* (9th Cir. 1980) 633 F.2d 912 and clarified in *Au-Tomotive Gold, Inc. v. Volkswagen of Am. Inc.* (9th Cir. 2006) 457 F.3d 1062, 1067.  (*See LTTB LLC v. Redbubble, Inc.* (9th Cir. 2021) 840 Fed. Appx. 148, 150 [affirming summary judgment for defendant where plaintiff's registered and incontestable trademark "LETTUCE TURNIP THE BEET" for t-shirts, tote bags and other products served an aesthetic function wholly independent of any source-identifying function].)  In *Lindeburg*, the Ninth Circuit held that trademark law does not prevent copying features of a product that are the reason a consumer wishes to purchase it, rather than conveying to the consumer that the product is made, sponsored, or endorsed by the trademark owner.  (*Lindeburg*, 633 F. 2d at 917.)  The court concluded that consumers purchased the defendant's jewelry bearing a fraternal organization's trademarked insignia for its value as a symbol, not because they believed the plaintiff endorsed the jewelry.  (*Id*. at 919.)

In *Volkswagen*, the court set out a two-step test for aesthetic functionality.  First, to ascertain functionality, a court asks whether a significant non-trademark function of the mark is essential to the use or purpose of the goods or affects its cost or quality.  (*Volkswagen*, 457 F.3d at 1072.)  If so, it is functional in the utilitarian sense and cannot trigger liability for infringement.  Where the defense is aesthetic functionality, however, the court asks a second question: Would protection of the feature as a trademark impose a significant non-reputation related competitive disadvantage?  (*Id.*)  If so, the mark is aesthetically functional and does not trigger liability for infringement.  The focus of the court's inquiry turns on whether the use of the mark has a source-identifying or a reputation-related function. (*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.* (C.D. Cal. 2012) 925 F.Supp.2d 1067, 1074.)

/ / /

/ / /

In *A.V.E.L.A.*, the trademark asserted was the word mark "Betty Boop," which refers to a fictional character in cartoon films beginning in or around 1930. (*Id.* at 1069.)  The multiple defendants used the words "Betty Boop" as a prominent feature on their products, including t-shirts bearing movie poster images, dolls, and packaging adapted from movie posters. (*Id.* at 1074.)  The court concluded, as a matter of law, that the defendants' use of the Betty Boop word mark was not a trademark use. (*Id.*)  Instead, the phrase "Betty Boop" was a decorative component, part and parcel of the aesthetic design of the products. Considering defendants' merchandising practices, the court explained that the defendants never designated their merchandise as "official" or sponsored by the plaintiff.  They all identified themselves as the products' sources.  Applying the utilitarian functionality test, the court concluded that the defendants' t-shirts did not need to use the words "Betty Boop" to be wearable and their dolls would still be toys without using those words.  But because the use of the words was not source-identifying, protecting them as a trademark to bar the defendants' use would impose a "significant non-reputation-related disadvantage" on the defendants.  Specifically, the goods would be less marketable without the Betty Boop name, because the words served to name the famous character depicted on the goods. (*Id.* at 1075.) For these reasons, the district court concluded that the defendants' use of the Betty Boop mark on t-shirts and toys was an aesthetically functional use and not a source identifying use and did not constitute trademark infringement. (*Id.*)  The court also held that if the defendants' use was not aesthetically functional, it was fair use of the mark to describe the characteristic of the goods, not their source. (*Id.* at 1075-76.)

A district court considering whether t-shirts displaying the pun "lettuce turnip the beet" infringed a registered trademark for the same phrase pun reached a similar result. *LTTB LLC v. Redbubble, Inc.* (N.D. Cal. 2019) 385 F.Supp.3d 916, 920 [granting summary judgment for defendant based on aesthetic functionality where the trademark holder's own evidence and argument showed that consumers were interested in purchasing products displaying the pun, regardless of their source].)  The United States Patent and Trademark Office ("USPTO") had initially refused registration of the pun as a trademark on the grounds

that it was "merely a decorative or ornamental feature of the goods" rather than functioning as a trademark to identify their source.  (*Id.* at 919.)  Where the mark appeared across the center of t-shirts and other products "where ornamental features may appear on such goods," the USPTO explained, consumers were "likely to assume that the mark is merely a decorative feature of the item and does not indicate the source." (*Id.*)  The plaintiff had only overcome that conclusion and obtained a registration by submitting product labels or "hang tags" as specimens to show trademark use.  The resulting registration was not invalid, but aesthetic functionality precluded the trademark owner from showing likelihood of confusion as to source, where competitor's use of the mark on the face of t-shirts and other products cannot be source-identifying.  (*Id.* at 921.)  Finally, the court explained that the "incontestable" registrations did not prevent judgment for the defendant because the order merely concluded that the owner could not preclude others from displaying the pun on product absent a showing of source-confusion, and, further, incontestability does not preclude challenges based on arguments that a mark is functional.  (*Id.* at 922.)  Affirming, the Ninth Circuit observed that it "has been careful to prevent the use of trademark to monopolize a design feature which, in itself and apart from its identification of source, improves the usefulness or appeal of the object which it adorns."  (840 Fed. Appx. 148 at 150.)

        After the Ninth Circuit affirmed *LTTB*, a district court in this district followed it in denying a trademark owner's motion for a preliminary injunction, finding no likelihood of success where the trademark owner complained of a competitor's selling t-shirts featuring the trademark expression "No Bad Days."  (*Cove USA LLC v. No Bad Days Entm't., Inc.* (C.D. Cal. Jan. 5, 2022) No. 8:20-cv-02314-JLS-KES, 2022 U.S. Dist. LEXIS 26030, * 10.)  Applying Ninth Circuit law, the district court found that the trademark owner had not shown it was likely to succeed on its trademark claims because it had not shown that consumers buy its own t-shirts because they identify it as the source of the shirts, rather than because of the aesthetic function of the phrase.  (2022 U.S. Dist. LEXIS 26030, at *10 [quoting *LTTB*, 840 F. Appx. at1500].)  The competitor's "use of the phrase, without more, does not

**DEFENDANT'S MOTION TO DISMISS**

demonstrate source-confusion."  (2022 U.S. Dist. LEXIS 26030, at *11.)

The facts alleged in BH Hotel's complaint show that Kitross is using the phrase "Beverly Hills" as an ornamental feature of clothing and pillow displaying the phrase, not as source identifiers, and that there can be no infringement as a matter of law.  The products which BH Hotel complains about do not display the registered service marks "The Beverly Hills Hotel."  The clothing only says "Beverly Hills" and uses the same font as one of the registered marks.  (Dkt. 1, ¶ 9 and Ex. B.)  The primary meaning, and perhaps the only meaning of "Beverly Hills" as a standalone phrase is the city, not BH Hotel.  (*See Japan Telecom, Inc. v. Japan Telecom Am. Inc.* (9th Cir. 2002) 287 F.3d 866, 873  ["Japan Telecom" is geographically distinctive; affirming summary judgment for defendant on Lanham Act and California unfair competition claims]; *Weintraub v. Sotheby's Int'l Realty, Inc.* (C.D. Cal. Nov. 1, 2018), No. 2:18-cv-6922-AB (KSx) 2018 U.S. Dist. LEXIS 223905, *8 [finding "Malibu Estates" geographically descriptive; granting defendant's motion to dismiss]; *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC* (N.D. Cal. 2010) 680 F.Supp.2d 1107, 1118-19 ["Sand Hill Advisors is primarily geographically descriptive and therefore a weak mark, especially where other companies used "Sand Hill" in their business names].)

"Beverly Hills" is also displayed on clothing where ornamental features appear on such clothing.  (Ex. B.)  The accused garments also have a black sewn-on label bearing a JET logo and the name "John Eshaya."  (*Id.*)  This label identifies JET and John Eshaya as the source of the goods, just as the defendants in *A.V.E.L.A.* identified themselves as the source of their "Betty Boop" clothing and toys.  Indeed, like a consumer, BH Hotel readily identified the source of the accused clothing from the label, because it "sent a cease and desist letter to the manufacturer of the infringing clothing, John E. Eshaya."  (Dkt. 1, ¶ 11 and Ex. C.)

Nor does the pillow shown in Exhibit B use "Beverly Hills" in a source-identifying manner.  The pillow displays the message "I'd rather be in Beverly Hills" on a fabric pattern with large green leaves on a pink background.  (Dkt. 1, Ex. B at ECF 9.)  The only

**DEFENDANT'S MOTION TO DISMISS**

reasonable inference from the exhibit is that this message is a feature of the goods, not an identifier of their source.  And the context confirms that "Beverly Hills" refers to the <u>city</u>, not a hotel.  Finally, whatever BH Hotel's reason for including Mr. Ross's September 10, 2023 email in its Complaint, the Court may consider his statement that "[o]ur flagship location is in Beverly Hills and we promote the City of Beverly Hills due to our location." (Dkt. 1, Ex. E.)  All these allegations support only one reasonable inference: that Kitross's use of "Beverly Hills" is not source-identifying but aesthetically functional.  Because this is a defense to federal trademark infringement, that claim must be dismissed.

**B.**   **BH Hotel has Not Stated a Claim for Dilution.**

**1.**   **BH Hotel has Not Sufficiently Pleaded that its Service Marks are Famous.**

BH Hotel's Second Claim is for federal trademark dilution, in violation of 15 U.S.C. § 1125(c)(1) Trademark Dilution Revision Act (the "TDRA").  A plaintiff seeking relief under federal anti-dilution law must show: (1) that its mark is famous and distinctive; (2) that the defendant began using its mark in commerce;(3) after the plaintiff's mark became famous and distinctive; and (4) that the defendant's mark is likely to dilute the plaintiff's mark.  (*Visa Int'l Serv. Ass'n v. JSL Corp.* (9th Cir. 2010) 610 F.3d 1088, 1089-90.)  For purposes of dilution claims, fame is "difficult to prove."  (*Coach Servs., Inc. v. Triumph Learning LLC* (Fed. Cir. 2012) 668 F.3d 1356, 1373; *see also Toro Co. v. ToroHead Inc.* (T.T.A.B. 2001) 61 U.S.P.Q.2d 1164, 1180 ["Fame for dilution purposes is difficult to prove."]; *Everest Capital, Ltd. v. Everest Funds Mgmt. LLC* (8th Cir. 2005) 393 F.3d 755, 763 ["The judicial consensus is that 'famous' is a rigorous standard."]; J. Thomas McCarthy, McCarthy On Trademarks and Unfair Competition, § 24: 104 at 24-286 ["All trademarks are distinctive—very few are famous."].)  Indeed, "fame" extends to only those marks "with such powerful consumer associations that even non-competing uses can impinge on their value."  (*Nissan Motor Co. v. Nissan Computer Corp.* (9th Cir. 2004) 378 F.3d 1002, 1011.)  In other words, "the mark must be a household name."  (*Thane Intern., Inc. v. Trek Bicycle Corp.* (9th Cir. 2002) 305 F.3d 894, 911; *see also Dahon North America*

*v. Hon* (April 24, 2012 C.D. Cal.) No. 2:11-cv-05835-ODW (JCGx), 2012 U.S. Dist. LEXIS 57510, 2012 WL 1413681 ["Trademark dilution claims are restricted to truly famous marks, such as Budweiser beer, Camel cigarettes, and Barbie dolls."].)

Here, BH Hotel's allegation that its mark is famous is a single conclusory sentence: "BH Hotel's mark is famous as it is widely recognized by the general consuming public of the United States as a designation of the source of the goods or service of BH Hotel." (Dkt. 1, ¶ 32.) But BH Hotel does not allege any facts showing that the mark is widely recognized. BH Hotel does not allege when its mark became famous. A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988.) BH Hotel has not met the standard for pleading that its mark is famous, so it has not stated a claim for dilution.

## 2.   BH Hotel has Not Alleged that Kitross Used an Identical or Nearly Identical Mark to its Mark "The Beverly Hills Hotel".

The TDRA requires that the mark used by the alleged diluter be "identical," "nearly identical," or "substantially similar," to the protected mark. (*See* House Report at 8, 25; 15 U.S.C. § 1125(c)(2)(B) ["'dilution by blurring' is association arising from the similarity between a mark or trade name and a famous mark . . . ."]; *Playboy Enters. Inc. v. Welles* (9th Cir. 2002) 279 F.3d 796, 806 n. 41 [elucidating the "identical or nearly identical" standard for dilution); *Trek Bicycle Corp.*, 305 F.3d at 906] ["[t]he marks must be of sufficient similarity so that, in the mind of the consumer, the junior mark will conjure an association with the senior"].)

Here, BH Hotel first alleges that Kitross's Beverly Hills location sells a variety of products "with the words 'Beverly Hills' written in BH Hotel's protected, stylized lettering." (Dkt. 1, ¶ 9.) Exhibit B to the Complaint supports this allegation with respect to the words "Beverly Hills." But for its dilution claim, BH Hotel alleges that Kitross "made a commercial use of BH Hotel's mark by printing BH Hotel's mark on its merchandise, which [Kitross] sells on [its] website and storefronts." (Dkt. 1, ¶ 32.) However, the exhibits

again show that the products only display the words "Beverly Hills" and not the registered mark "The Beverly Hills Hotel."  The Court is not required to accept the allegation that Kitross printed BH Hotel's mark on its merchandise when the Complaint's exhibits show that the merchandise does not actually say "The Beverly Hills Hotel."  The phrases "Beverly Hills" and "I'd rather be in Beverly Hills" are not identical, nearly identical, or sufficiently similar to the registered marks that in the mind of the consumer, Kitross will "conjure an association" with BH Hotel.  As discussed above, these words only conjure an association with the city of Beverly Hills, where Kitross's flagship store offering the goods is located. In the Ninth Circuit, nominative fair uses are excepted from the reach of anti-dilution laws. (*Welles*, 279 F.3d 796, 806.)  And as discussed above, Kitross does not use "Beverly Hills" in a source-identifying way, as a trademark, but as an ornamental feature of the products and referring to the city of Beverly Hills.  Based on BH Hotel's own allegations, the Court may dismiss the claim for dilution for failure to state a claim for dilution.

**C.** **The Complaint Does Not State a Claim for Unfair Competition Under California's Business & Professions Code § 17200 for the Same Reasons it Fails to State the Federal Claims.**

For its third claim, BH Hotel realleges its trademark infringement and dilution allegations and further alleges that Kitross's "use of the Beverly Hills Hotel's protected, stylized lettering without BH Hotel's consent constitutes . . . false, unfair, fraudulent and deceptive practice within the meaning of California Business and Professions Code § 17200." (Dkt. 1, ¶ 39.)  The Ninth Circuit has held that state common law claims of unfair competition and actions pursuant to California Business & Professions Code § 17200 are substantially congruent to claims made under the Lanham Act. (*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.* (C.D. Cal. 2014) 998 F.Supp.2d 890, 897 [quoting *Cleary v. News Corp.* (9th Cir. 1994) 30 F.3d 1255, 1262-63.)  Therefore, to the extent that BH Hotel's third claim relies on the same fact allegations as its federal trademark infringement and dilution claims, it fails for the same reason as those claims fail.

/ / /

BH Hotel repeatedly alleges that it has some kind of intellectual property or intangible property right in its "stylized lettering."  It alleges that it owns "the distinctive stylized lettering used by the Hotel on its façade, signs, public relations materials, website, and merchandise." (Dkt. 1, ¶ 5.)  It alleges that "[b]oth the words and the stylized text of 'The Beverly Hills Hotel' are registered service marks (U.S. Reg. No. 1499143 and U.S. Reg. No. 1516814), (collectively, the 'Mark'), (See Ex. A) and have been used in connection with the Hotel for over seven decades." (*Id.*, ¶ 8.)  It alleges that its "counsel explained [to Mr. Ross] that the scope of the demand [to cease and desist] was only to the infringing products, those products that used the stylized lettering, and does not pertain to any products that did not contain the stylized lettering or infringing marks." (*Id.*, ¶ 13.)  In short, it seems to assert that no one is allowed to use the phrase "Beverly Hills" in the font BH Hotel uses in its registered trademark "The Beverly Hills Hotel" without its authorization.

But this is a legal conclusion that the Court is not required to accept as true when ruling on a motion to dismiss.  The scope of BH Hotel's rights in its registered mark "The Beverly Hills Hotel" is an issue of law for the Court – not BH Hotel – to decide.  Here, as discussed above, Kitross's alleged use of "Beverly Hills" on t-shirts and other products is aesthetically functional, and not a source-identifying use at all.  Therefore, it is not a trademark use and cannot constitute trademark infringement, regardless of the font in which those words appear.  BH Hotel does not allege – and the exhibits to the Complaint do not show – any use at all by Kitross of the exact registered mark, "The Beverly Hills Hotel," let alone source-identifying use.  Therefore, the claim for violation of California's Business & Profession Code § 17200 should also be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

# V.    **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed for failure to state a claim.


DATED: November 22, 2023          KRANE & SMITH, APC

                                   By:   */s/ Jeremy D. Smith*
                                         Jeremy D. Smith
                                         Craig S. Berman
                                         Attorneys for Defendant KITROSS APPARE
                                         LOS ANGELES, LLC

**DEFENDANT'S MOTION TO DISMISS**

## DECLARATION OF JEREMY D. SMITH

I, JEREMY D. SMITH, declare as follows:

1.     I am an attorney duly licensed to practice before all courts in the State of California and am a partner in the law firm of Krane & Smith, APC, attorneys for Defendant KITROSS APPAREL LOS ANGELES, LLC ("Kitross") in this action.  The facts set forth below are of my own personal knowledge and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Kitross's Motion to Dismiss the Complaint filed by Plaintiff SAJAHTERA, INC. dba THE BEVERLY HILLS HOTEL ("BH Hotel").

2.     Kitross is a corporation with its principal place of business in Los Angeles, California.  It operates three brick-and-mortar storefronts, including one located at 420 North Beverly Drive, Beverly Hills, California 90210.  Kitross also operates an online store, which can be found at www.kitsonlosangeles.com.

3.     On August 31, 2023, BH Hotel promptly sent a letter to Kitson Los Angeles (the name of the store run by Kitross) alleging trademark infringement, trademark dilution, and violation of California's unfair competition law, and demanded that Kitross immediately cease and desist.

4.     On September 13, 2023, BH Hotel's counsel sent another cease and desist letter to Fraser Ross, threatening to "aggressively move forward with litigation."

5.     BH Hotel filed this action on September 25, 2023.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6.      My office met and conferred with BH Hotel's counsel, as required by L.R. 7-3, initially by sending a letter on November 6, 2023 which outlined the issues with BH Hotel's claims and then by telephone on November 13, 2023.  A true and correct copy of the November 6 30, 2023 letter is attached hereto as <u>Exhibit 1</u>.  Counsel for the parties engaged in a meaningful discussion but were unable to agree on a resolution eliminating the need for this Motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 22, 2023, at Encino, California.

*/s/ Jeremy D. Smith*
JEREMY D. SMITH

**DEFENDANT'S MOTION TO DISMISS**

EXHIBIT 1

MARC SMITH
JEREMY D. SMITH
CRAIG S. BERMAN
JOSHUA A. NAJEMY

OF COUNSEL:
MATT SOLMON
TRACY GREEN
SAMUEL J. SMITH

**KRANE & SMITH**
A PROFESSIONAL CORPORATION
SUITE 600
16255 VENTURA BOULEVARD
ENCINO, CALIFORNIA 91436-2302

TELEPHONE (818) 382-4000
FACSIMILE (818) 382-4001
www.kranesmith.com

Sender's email: cberman@kranesmith.com                    *Via Email*

November 6, 2023

Peter B. Maretz, Esq.                    pmaretz@stokeswagner.com
Omar Hernandez, Esq.                    ohernandez@stokeswagner.com
**STOKES WAGNER ALC**
600 West Broadway, Suite 910
San Diego, CA 92101

*Re:*    *The Beverly Hills Hotel v. Kitross Apparel Los Angeles LLC*
         *Case No. 2:23-cv-08005-MWF-KS*

Dear Messrs. Martez and Hernandez:

This letter shall function as a "meet and confer" prior to Defendant Kitross Apparel Los Angeles ("Kitross") bringing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)6 and as required by Local Rule 7-3. I apologize for not completing the "meet and confer" earlier. Jeremy Smith had been handling this matter. As you are aware Jeremy's father, Marc Smith, passed away last weekend and I have taken over the handling of this matter, at least for the time being.

I believe the Complaint filed by Plaintiff The Beverly Hills Hotel ("Plaintiff") is susceptible to a motion to dismiss based on the fact that "Beverly Hills" is not used as a mark to identify the source of the goods. Instead, it is a feature of the goods that bear the words "Beverly Hills." Consumers buy the products because they want clothes, pillows, coasters, and such bearing the name "Beverly Hills" as souvenirs or to show civic pride in the city, not because they believe they are made by or sponsored by Plaintiff. There are two recent cases involving t-shirts which are persuasive on this matter.

The first is *LTTB LLC v. Redbubble, Inc.*, 840 Fed. Appx. 148 (9th Cir. 2021), affirming a district court's grant of summary judgment that the owner of a trademark "LETTUCE TURNIP THE BEET" failed to raise a triable issue that its trademark serves the trademark function of source-identification. The district court relied on earlier cases applying the doctrine of aesthetic functionality, including *International Order of Job's Daughters v. Lindeberg & Co.*, 633 F.2d 912 (9th Cir. 1980) and *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1067 (9th Cir. 2006) ("The principal role of trademark law is to ensure that consumers are able to identify the source of goods."). The Ninth Circuit applied a two part test for aesthetic functionality. First, do the goods need to bear the trademark to perform their useful function? T shirts without the mark would still function as t-shirts. Second, do the marks "perform some function such that the exclusive use of [the marks] would put competitors at a significant non-reputation-related

110623 Ltr to Counsel

Peter B. Maretz, Esq.
Omar Hernandez, Esq.
**STOKES WAGNER ALC**
November 6, 2023
Page 2


disadvantage?" (quoting *Au-Tomotive Gold*, quoting *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32 (2001)).  The Ninth Circuit has been careful not to allow trademark owners to use their marks "to monopolize a design feature which, in itself and apart from its identification of source, improves the usefulness or appeal of the object it adorns." (840 Fed.Appx. at 150.)  The Ninth Circuit agreed with the district court that LTTB presented no evidence that consumers buy the goods because the design associates them with the company owning the trademark phrase rather than because they want goods bearing that phrase.  Finding that the mark was functional, the panel did not even reach the issue of likelihood of confusion to affirm summary judgment for the defendant.

The second case is *Cove USA LLC v. No Bad Days Enters., Inc.*, No. 8:20-cv-02314-JLS-KES, 2022 Dist. LEXIS 26030 (C.D. Cal. Jan. 5, 2022).  No Bad Days ("NBD") was the trademark owner.  The competitor – accused of infringing the trademark by selling clothing bearing the phrase "no bad days" – sued NBD for declaratory judgment and various state law claims.  NBD, as the trademark owner, then sought a preliminary injunction against the competitor.  The district court denied the motion for preliminary injunction on the grounds that NBD had not established likelihood of success on the merits, based on *LTTB v. Redbubble*.  The court found that NBD failed to prove that "consumers buy [their] goods because they identify [NBD] as the source, rather than because of the aesthetic function" of the phrase on the clothing.  Evidence that the owner had sold millions of products under their mark did not support the contention that "consumers purchase the products because they are source-identifying rather than merely aesthetically pleasing." (*Id*. at *10 [quoting *LTTB*, 840 F. App'x. at 150].)  The district court concluded "Cove's mere use of the phrase, without more, does not demonstrate source confusion."

As a result, we believe Kitross use of the word "Beverly Hills" has not and will not cause confusion and Plaintiff has failed to properly state a claim against Kitross.

 In addition, Plaintiff did not include the registration certificates as exhibits, just copies of the USPTO TESS search results for the marks.  The registration for the font seems to show The Beverly Hills Hotel all on a single line, while the accused products show "Beverly" sloping upward from left to right and "Hills" on a second line, level with the ground.  The latter is how the mark appears on the hotel wall, but that isn't in Plaintiff's Complaint.  The pillows also do not even use the same font, and they use the longer phrase "I'd rather be in Beverly Hills" which is different from the mark and emphasizes the nominative use of the mark for a specific city (and tourist destination).

Plaintiff's registrations are for the goods and services of hotels, restaurants and catering while Kitross operates a retail store, and the accused products are clothing and accessories.  The Complaint does not allege that Plaintiff even sells t-shirts and such in its hotel gift shop.

Additionally, the Complaint does not allege actual confusion either.  The pictures of the pink shirt in the Complaint show the JET label with the JET logo and John Eshaya label.  There are numerous cases which state that a label like this avoids actual confusion.  Better yet, it is

Peter B. Maretz, Esq.
Omar Hernandez, Esq.
**STOKES WAGNER ALC**
November 6, 2023
Page 3


common sense that consumers look at labels, hang tags and packaging to learn the source of manufactured clothing, not a message on the clothing, which they perceive as a feature of the product.  There are many examples of commercial and nominative uses of the phrase "Beverly Hills" to refer to the city, not the hotel.  Plaintiff's Complaint alleges in paragraph 16 that Ross acknowledged infringement.

As a result, we believe the Plaintiff's Complaint is susceptible to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)6.  I am available to discuss further.

Very truly yours,

KRANE & SMITH, APC

*Craig S. Berman*

Craig S. Berman


CB:dlbz

## __CERTIFICATE OF SERVICE__

I certify that on November 22, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.


_/s/ Amy R. Monroe_
AMY R. MONROE

**DEFENDANT'S MOTION TO DISMISS**