Jeremy D. Smith (SBN 242430)
jsmith@kranesmith.com
Craig S. Berman (SBN 195718)
cberman@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Blvd., Suite 600
Encino, CA 91436
(818) 382-4000 Telephone
(818) 382-4001 Facsimile

Attorneys for Defendant KITROSS
APPAREL LOS ANGELES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION – L.A.

| | |
|---|---|
| SAJAHTERA, INC., a Delaware corporation, dba THE BEVERLY HILLS HOTEL,<br><br>Plaintiff,<br><br>v.<br><br>KITROSS APPAREL LOS ANGELES, LLC, a California limited liability company; and DOES 1 through 50,<br><br>Defendants. | CASE NO. 2:23-cv-08005-MWF (KSx)<br><br>**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**<br><br>Complaint filed: September 25, 2023<br>Trial date:        None assigned |

Answer and Counter 012224

**1**

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

Defendant KITROSS APPAREL LOS ANGELES, LLC ("Kitross") admits that Plaintiff SAJAHTERA, INC. dba THE BEVERLY HILLS HOTEL ("BH Hotel") has filed this action against Kitross and included claims under the Lanham Act for unfair competition, false designation and dilution, and a claim that Kitross has violated California Unfair Competition Law.  Kitross denies these allegations.

## JURISDICTION AND VENUE

1.    Kitross admits that this action purports to be brought under federal trademark law and that this Court has subject matter jurisdiction.

2.    Kitross admits that this Court has subject matter jurisdiction.

3.    Kitross admits that venue is proper in this District.

4.    Kitross admits that it is subject to the general and specific personal jurisdiction of this Court because of its contacts with the State of California.

## PARTIES

5.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and on that basis denies the allegations.

6.    Kitross admits its principal place of business is located at 115 S. Robertson Blvd., Los Angeles, CA 90028.  Kitross admits it operates three additional brick-and-mortar storefronts which have the physical addresses of 101 N. Robertson Blvd., Los Angeles, CA 90048; 420 N. Beverly Drive, Beverly Hills, CA 90210; and 15248 W. Sunset Blvd Pacific Palisades, CA 90272.  Kitross denies the remaining allegations in Paragraph 6 of the Complaint.

## FACTS

7.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies the allegations.

/ / /

8.      Kitross admits that Exhibit A to the Complaint are copies of U.S. Trademark Registration Nos. 1498143 and 1516814 (jointly, "Mark") with registration dates of July 26, 1988 and December 13, 1988, respectively.   Kitross admits the title of the Mark is "The Beverly Hills Hotel."   Kitross is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint, and on that basis denies the remaining allegations.

9.      Kitross admits that it operates a brick-and-mortar storefront at 420 N. Beverly Drive, Beverly Hills, CA 90210.  Kitross denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Kitross admits that the products featured in its stores are available on their website.   Kitross denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Kitross admits that BH Hotel sent a cease and desist letter dated August 31, 2023.   Kitross is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint, and on that basis denies the remaining allegations.

12.     Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and on that basis denies the allegations.

13.     In response to paragraph 13, of the Complaint, Kitross admits that its owner Fraser Ross ("Ross") called BH Hotel's counsel on or about September 6, 2023.   Kitross denies the remaining allegations in Paragraph 13 of the Complaint.

14.     In response to paragraph 14, of the Complaint, Kitross admits that Ross sent an email on September 10, 2023 to BH Hotel's counsel.  Kitross denies that its conduct infringed BH Hotel's trademark.

15.     Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and on

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

that basis denies the allegations.

16.    In response to paragraph 16, of the Complaint, Kitross admits that Ross talked to BH Hotel's counsel over the telephone.    Kitross denies the remaining allegations in paragraph 16 of the Complaint.

17.    In response to paragraph 17, of the Complaint, Kitross admits that BH Hotel's counsel sent a letter to Ross dated September 13, 2023.

18.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and on that basis denies the allegations.

### FIRST CLAIM FOR RELIEF

### (Civil Action under 15 U.S.C. § 1125(a))

19.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and on that basis denies the allegations.

20.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and on that basis denies the allegations.

21.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and on that basis denies the allegations.

22.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and on that basis denies the allegations.

23.    Kitross denies the allegations set forth in Paragraph 23 of the Complaint.

24.    Kitross denies the allegations set forth in Paragraph 24 of the Complaint.

25.    Kitross denies the allegations set forth in Paragraph 25 of the Complaint.

26.    Kitross denies the allegations set forth in Paragraph 26 of the Complaint.

27.    Kitross denies the allegations set forth in Paragraph 27 of the Complaint.

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

28.    Kitross denies the allegations set forth in Paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF

## (Dilution by Blurring and/or Dilution by Tarnishment under 15 U.S.C. § 1125(c))

29.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and on that basis denies the allegations.

30.    Kitross denies the allegations set forth in Paragraph 30 of the Complaint.

31.    Kitross denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Kitross denies the allegations set forth in Paragraph 32 of the Complaint.

33.    Kitross denies the allegations set forth in Paragraph 33 of the Complaint.

34.    Kitross denies the allegations set forth in Paragraph 34 of the Complaint.

35.    Kitross denies the allegations set forth in Paragraph 35 of the Complaint.

36.    Kitross denies the allegations set forth in Paragraph 36 of the Complaint.

37.    Kitross denies the allegations set forth in Paragraph 37 of the Complaint.

## THIRD CLAIM FOR RELIEF

## (Violation of California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code § 17200)

38.    Kitross is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and on that basis denies the allegations.

39.    Kitross denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Kitross denies the allegations set forth in Paragraph 40 of the Complaint.

41.    Kitross denies the allegations set forth in Paragraph 41 of the Complaint.

42.    Kitross denies the allegations set forth in Paragraph 42 of the Complaint.

## GENERAL DENIAL

43.    Kitross denies any and all allegations of the Complaint not specifically admitted.

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

## KITROSS'S RESPONSE TO BH HOTEL'S PRAYER

44.   In response to BH Hotel's Prayer, Kitross denies that BH Hotel is entitled to any relief.  Kitross requests that the Court enter judgment in its favor on all claims and award it reasonable costs and attorneys' fees and any further relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to state a claim)

BH Hotel's Complaint fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Fair use)

BH Hotel's trademark and unfair competition claim are barred, in whole or in part, because the allegedly infringing uses of BH Hotel's trademarks were fair uses.

## THIRD AFFIRMATIVE DEFENSE

### (Non-Trademark Use)

Kitross's use of "Beverly Hills" is nominative use to refer to the city of Beverly Hills rather than trademark use to identify the source of goods bearing the name. Kitross has never used the TM symbol in connection with the words "Beverly Hills" or sought trademark registration for the phrase.

## FOURTH AFFIRMATIVE DEFENSE

### (Ornamental or aesthetically functional use)

BH Hotel's claims are barred, in whole or in part, because all the allegedly infringing uses of BH Hotel's trademarks were aesthetically functional and thus do not create a likelihood of confusion.

## FIFTH AFFIRMATIVE DEFENSE

### (Protected Speech)

BH Hotel's claims are barred, in whole or in part, because all the allegedly infringing uses of BH Hotel's trademarks were protected speech under the First

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

Amendment of the United States Constitution and the California Constitution.

## SIXTH AFFIRMATIVE DEFENSE

### (acquiescence, waiver, or estoppel)

BH Hotel's trademark claims are barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, or estoppel because it failed to timely seek to enforce its alleged and claimed rights.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean hands)

BH Hotel's claims are barred by the doctrine of unclean hands.  BH Hotel hired architect Paul Revere Williams to design the new Crescent Wing and other new portions of the hotel and as part of that service he designed the stylized lettering that appeared on the façade of the hotel facing Sunset Boulevard.  Architects typically retain copyright in their architectural designs.  By claiming not only the words "The Beverly Hills Hotel" but Mr. William's original design of the stylized lettering on the façade of the Crescent Wing, as BH Hotel's trademark, decades after Williams designed it as part of the building, BH Hotel has unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

BH Hotel's claims are barred, in whole or in part, by the doctrine of laches because it unreasonably delayed in enforcing any purported rights it may have.

## NINTH AFFIRMATIVE DEFENSE

### (No likelihood of confusion)

BH Hote's claims are barred, in whole or in part, because consumers have not been and are not likely to be confused into believing that Kitross's products and BH Hotel's services originate from the same source or are in any way associated with one another.

/ / /

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Trademark is not famous)

BH Hotel's dilution claim is barred because the asserted mark is not famous.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

BH Hotel's claims are barred, in whole or in part, because BH Hotel failed to mitigate its alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Trademark Misuse)

BH Hotel's claims are barred, in whole or in part, because BH Hotel has misused its trademarks by enforcing or attempting to enforce its trademarks beyond their lawful scope.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

BH Hotel's claims are barred, in whole or in part, because the actions complained of, to the extent they occurred, were the result of conduct of third parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unilateral Proactive Conduct)

BH Hotel's claims are barred, in whole or in part, because Kitross removed allegedly infringing items from its retail stores and website as soon as reasonably practical, although it was under no legal obligation to do so.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Self-Tarnishment)

BH Hotel's trademark has been tarnished by protests of its owner's implementation of ant-gay Sharia laws and an ongoing boycott since 2014 of BH Hotel, so it cannot be tarnished by sale of "Beverly Hills" themed apparel and other merchandise.

/ / /

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

## **ADDITIONAL DEFENSES**

Kitross reserves the right to assert additional affirmative defenses, whether now or in the future, as this action proceeds and further investigation and discovery are conducted.

## **PRAYER**

WHEREFORE, Kitross prays the Court grant it the following relief:

A.     For dismissal of BH Hotel's action with prejudice;

B.     For an order that BH Hotel shall take no relief from its Complaint;

C.     For an award of Kitross's costs and attorneys' fees incurred in defense of this matter; and

D.     For such further relief the Court deems just and fair.


DATED: January 22, 20243              KRANE & SMITH, APC

                              By:   */s/ Jeremy D. Smith*
                              _____
                                    Jeremy D. Smith
                                    Craig S. Berman
                                    Attorneys for Defendant KITROSS
                                    APPAREL LOS ANGELES, LLC

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

# COUNTERCLAIM

## THE PARTIES

1.　　Counterclaim Plaintiff KITROSS APPAREL LOS ANGELES, LLC ("Kitross") is and was a limited liability company organized under the laws of the State of California, with a principal place of business at 115-117 South Robertson Boulevard, Los Angeles, California 90048.

2.　　Counterclaim Defendant SAJAHTERA, INC. dba THE BEVERLY HILLS HOTEL ("BH Hotel") is a Delaware Corporation having a principal place of business located at 9641 Sunset Boulevard, Beverly Hills, California 90210.

## JURISDICTION AND VENUE

3.　　This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims arising under the Lanham Act and Declaratory Judgment Act.　This Court has supplemental jurisdiction over Kitross's state law claim for tortious interference because it arises from the same nucleus of common facts as the federal claims.

4.　　BH Hotel is subject to personal jurisdiction because it sued Kitross in this judicial district, because its principal place of business is in Beverly Hills, California in this judicial district, and because the facts underlying the complaint and this counterclaim arose in this judicial district where Kitross has its principal place of business.

5.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND

### Kitross

6.　　Kitross operates as "Kitson LA" via three brick-and-mortar storefronts, including one at 420 North Beverly Drive, Beverly Hills, California.　It also operates an online store which can be found at www.kitsonlosangeles.com ("Website").　Kitross is an upscale fashion and lifestyle boutique dedicated to pop-culture and created for fashion enthusiasts around the world that provides high quality, on-trend

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

merchandise at attractive prices in clean, spacious, and guest-friendly stores and online at its Website.

### BH Hotel

7.     BH Hotel is a luxury hotel.  It was built and commenced operations in 1912.  When it opened, the city of Beverly Hills had not been incorporated, but the hotel was located in a subdivision of the county of Los Angeles already known as Beverly Hills.  The city of Beverly Hills was incorporated in 2014.

8.     In the 1940s, the Hotel was renovated, and the "Crescent Wing" was added, with a modernist façade that faces Sunset Boulevard.  Completed in 1949, the Crescent Wing's façade displayed and still displays the name "The Beverly Hills" in stylized lettering designed by the architect, Paul Revere Williams.

9.     Almost immediately, other entities located in Beverly Hills began using Mr. Williams' stylized lettering together with the name "Beverly Hills," having no reason to believe that BH Hotel claimed any exclusive right to use the stylized lettering in combination with the proper name of the city of Beverly Hills.

10.     For example, the Beverly Hills Oasis apartment building at 9500 West Olympic Boulevard, built in 1948, displays its name on its own façade in Mr. Williams' stylized lettering.



/ / /

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

On information and belief, the BH Hotel has never complained about this use of Beverly Hills in Williams' stylized lettering.

11.    In 1959, the Beverly Hills Bodega café opened on Robertson Boulevard in Beverly Hills, California.  This establishment sells sandwiches, Mexican food, and liquor.   Its logo includes the words "Beverly Hills" in Mr. Williams-designed lettering, and it appears on the café's window, menu, signage, bags, and merchandise. On information and belief, in almost 65 years, the BH Hotel has never complained about the Beverly Hills Bodega's use of Mr. Williams' stylized lettering combined with the city name.



**The California courts find "Beverly Hills Hotel" geographically descriptive.**

12.    Around 1954, BH Hotel sued Hilton Hotels Corporation ("Hilton") in the Superior Court of Los Angeles County for infringement of a trade name and unfair competition, and sought an injunction against Hilton calling its hotel, then under construction at the intersection of Santa Monica Boulevard and Wilshire Boulevard, "The Beverly Hilton Hotel."

13.    The BH Hotel lost this case.  At the conclusion of a bench trial, the Hon. Allen T. Lynch issued a number of findings.  The superior court found, among other things, that the words "Beverly Hills" had been, since 1907, and still were, geographical.  It found that the word "Hotel" had been, since prior to the year 1912, and still was, descriptive of a certain type of business.  It therefore found that the

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

words "Beverly Hills Hotel" had been, since the year 1912, and still were, geographical and descriptive of the business conducted by the plaintiff and its predecessors.

14.     The superior court further found that the use of the name "Beverly Hills Hotel" by BH Hotel since 1912 had not resulted in the name acquiring any secondary meaning or special significance in the mind of the public generally or the hotel-going public in particular and the words "Beverly Hills Hotel" had not acquired any meaning different from their original lexicographical meaning as a geographical and descriptive term.

15.     The superior court also found that there was no confusing similarity either in visual appearance or in sound between the name "Beverly Hills Hotel" and the name "the Beverly Hilton" and the use of "The Beverly Hilton" by Hilton had not and would not result in a likelihood of confusion in the mind of the general public or the hotel-going public.  The injunction was denied.

16.     BH Hotel appealed, and the Court of Appeal of California, Second Appellate District, Division One, affirmed the decision of the Superior Court of Los Angeles County, issuing its opinion on July 13, 1955.

## **Television and movies make the city of Beverly Hills a household name associated with wealth, luxury, and celebrities.**

17.     *The Beverly Hillbillies* is a sitcom broadcast on CBS from 1962 through 1971.  Its premise was that a poor mountaineer strikes oil on his farm in Missouri and instantly becomes very wealthy.  His newfound wealth prompts him to pack up and move his family into a mansion in Beverly Hills, known for its swimming pools and movie stars.  The show was among the top 20 most-watched shows for eight seasons, cementing the public's association of the city of Beverly Hills with wealth, luxury, and celebrities.

18.     *Beverly Hills Cop* is a film franchise including three American action comedy films set largely in Beverly Hills.  *Beverly Hills Cop* was released in 1984.

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

It catapulted actor and comedian Eddie Murphy to international stardom and was the highest grossing film released in the United States in 1984.  It was also nominated for a Golden Globes award and an Academy Award for best screenplay.  *Beverly Hills Cop II* was released in 1987 and *Beverly Hills Cop III* in 1984.  As a result, millions of people who have never heard of the Beverly Hills Hotel are aware of Beverly Hills as a city.

19.    In 1989, Columbia Pictures released *Troop Beverly Hills*, a comedy movie starring Shelley Long as a separated socialite who becomes the den mother to a troop of Wilderness Girls scouts.  Many Beverly Hills landmarks, including BH Hotel, appear in the film, and several celebrities made cameo appearances.  While less profitable than *Beverly Hills Cop*, the film educated a different audience about the city of Beverly Hills and its association with celebrities, the extremely wealthy, and their luxurious lifestyles.

20.    *Beverly Hills 90210* is a teen drama television series that ran on Fox from 1990-2000.  It follows the lives of a group of friends from high school through college and into young adulthood.  Down-to-earth twins move with their parents from Minnesota to Beverly Hills, California where they are drawn into the lives of their privileged classmates.  The series became a global pop culture phenomenon in the early nineties, with millions watching each episode.  After the series ended, episodes continued to run in syndication for many years.  As a result, millions of people who have never heard of the Beverly Hills Hotel are familiar with the city of Beverly Hills as an upscale destination populated and frequented by the rich and famous.

21.    Through these films and television shows, and many others, the public has an impression of the city of Beverly Hills separate and apart from its impression, if any, of BH Hotel. These facts show that "Beverly Hills" continues to be geographically descriptive, as California's courts found in the 1950s, and even more so.

/ / /

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

**BH Hotel finally registers its trademarks.**

22.   In the late eighties, BH Hotel finally applied with the U.S. Patent and Trademark Office ("USPTO") to register various trademarks, including "The Beverly Hills Hotel" in plain text and "The Beverly Hills Hotel" in Mr. Williams' stylized lettering.  The USPTO granted registrations for these two marks, now asserted against Kitross, for the goods and services "Hotel, Restaurant and Catering Services."  On information and belief, the USPTO was unaware, when it granted the registrations, of the California courts' decisions that "Beverly Hills Hotel" is geographically descriptive.  The USPTO was also unaware of any of the third party uses of "Beverly Hills" combined with Mr. Williams' stylized lettering.

**Third parties continue to use Williams' stylized lettering with "Beverly Hills" with no complaints by BH Hotel.**

23.   After BH Hotel obtained its federal registrations, third parties continued to combine "Beverly Hills" with Mr. Williams' stylized handwriting, in their trademarks and for ornamental and functional purposes.  The following are some examples.

24.   Ingrid Wittman, an internationally known couture clothing designer located in Beverly Hills, sells a line of apparel, the "Beverly Hills collection" including baseball caps, sweatshirts and other apparel displaying the words "Beverly Hills" in Mr. Williams' stylized lettering as used on the BH Hotel's Crescent Wing façade.  Her products are sold in her retail store and from a kiosk in "The Grove," a shopping, dining, and lifestyle destination in an open air environment in Los Angeles near Pan Pacific Park.  The Beverly Hills themed apparel is sold next to similar merchandise displaying the city name "Bel Air."  The Grove is one of the busiest retail locations in the world.

/ / /

/ / /

/ / /



On information and belief, the BH Hotel has never complained about this use of Beverly Hills combined with a font similar to Williams' stylized lettering.

25.     Dr. Ash Khodabaksch, a board certified chiropractor in Beverly Hills, uses a graphic showing the words "Beverly Hills Chiro" in Williams' stylized lettering on his website at www.thechiroguy.com/about. On information and belief, the BH Hotel has never complained about this use of Beverly Hills combined with Williams' stylized lettering.



26.     A Beverly Hills boutique law firm, Beverly Hills Attorney Group, uses William's stylized lettering on its website at www.beverlyhillsattorneys.com.   On information and belief, the BH Hotel has never complained about this use of Beverly Hills combined with Williams' stylized lettering.



27.     On October 27, 2023, the Beverly Hills Courier ran an advertisement for an event called "Beverly Hills Doggy Daze 90210" that uses the Williams' stylized lettering:

This notice can also be found on the city's website: https://www.beverlyhills.org/departments/communityservices/doggydaze90210/.

On information and belief, the BH Hotel has never complained about this use (or similar uses) of Beverly Hills combined Mr. Williams' stylized lettering.

28.     In 2023, the Beverly Hills Historical Society produced a documentary called "The Stars Who Saved Beverly Hills."  It can be viewed on the website www.beverlyhillshstoricalsociety.org. On the title screen, "Beverly Hills" is shown in a stylized lettering almost identical to Mr. Williams' stylized lettering.  On information and belief, the BH Hotel has never complained about this use of Beverly Hills combined with a font similar to Mr. Williams' stylized lettering.

29.     In 2019, sculptor "Mr. Brainwash" created a sculpture consisting of the words "Beverly Hills is Beautiful" in large pink stylized lettering almost identical to Williams' stylized lettering. The sculpture is displayed in Beverly Canon Gardens in the Golden Triangle in Beverly Hills, where it has become a cultural landmark and a popular subject for photographs.



On information and belief, the BH Hotel has never complained about this use of Beverly Hills combined with a font similar to Williams' stylized lettering.

**<u>BH Hotel's and the Dorchester Collection's Brunei owners tarnish its reputation and trademarks by codifying and enforcing Sharia law against Brunei's citizens, sparking protests and a boycott of BH Hotel.</u>**

30.     The Dorchester Collection, of which BH Hotel is part, is owned by the Brunei Investment Agency, and arm of the government of Brunei, a monarchy ruled by its Sultan.

/ / /

31.     In 2014, Brunei started incorporating Islamic Sharia law into its legal system, including codifying the persecution of gay people.

32.     In response, gay rights advocacy groups, travel influencers, and celebrities encouraged the public to boycott BH Hotel.  Many bookings were cancelled, and the Beverly Hills City Council passed a resolution urging the Sultan to sell the BH Hotel.  Adweek published a story stating: "the bad press and protests have tarnished the glamourous image of the Beverly Hills Hotel, one of the most famous hotels in the world, and that "such extreme brand damage will be difficult to repair."

33.     In 2019, however, Brunei implemented strict Sharia criminal laws, allowing punishments such as stoning to death for having gay sex.  This decision increased the support for the continuing boycott of BH Hotel.  Actor George Clooney was quoted in the Los Angeles Times, saying "every single time we stay at or take meetings at or dine at any of [Brunei's] hotels, we are putting money directly into the pockets of men who choose to stone and whip to death their own citizens for being gay or accused of adultery."

**BH Hotel discovers Kitross and litigation ensues.**

34.     On August 11, 2023, the Hotel discovered that Kitross was selling, in its Beverly Hills location, a variety of clothing, products, and accessories with the words "Beverly Hills" in William's stylized lettering as displayed on BH Hotel's facade.

35.     The phrase "Beverly Hills" is an ornamental feature of the products, not an identifier of their source.  One product is a pillow with a needlepoint cover, declaring, "I'd rather be in Beverly Hills," against a pink background with large green banana leaves.  None of the products has both words on the same line like the registered trademarks and none uses the whole phrase "The Beverly Hills Hotel."  A green sweatshirt and a pink hoodie each had a black sewn-on label bearing a JET logo and the name "John Eshaya" to indicate their source and manufacturer.

36.     BH Hotel sent Kitross a letter alleging trademark infringement, trademark dilution, and violating California's unfair competition law, and demanding

1    that Kitson immediately cease and desist selling the Beverly Hills themed products.

2    The same day, BH Hotel sent a similar letter to JET Corp.– John Eshaya, including

3    the same allegations of infringement, dilution, and unfair competition as in the letter

4    to Kitson and demanded that JET cease and desist.

5        37.    Fraser Ross, the owner of Kitross, sent an email to BH Hotel's counsel

6    responding to the cease and desist letter.  Without admitting infringement or unfair

7    competition, Mr. Ross explained, "Our flagship location is in Beverly Hills and we

8    promote the City of Beverly Hills due to our location."

9        38.    Another cease and desist letter followed, threatening to "aggressively

10   move forward with litigation."   BH Hotel sued Kitross for federal trademark

11   infringement, dilution, and unfair competition on September 25, 2023.

12                        **<u>FIRST CAUSE OF ACTION</u>**

13   **(Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201; Declaratory judgment**

14   **of noninfringement of registered trademarks state and no unfair competition in**

15   **violation of California Business and Professions Code section 17200)**

16       39.    Kitross realleges paragraphs 1-39 of this Counterclaim as if set forth

17   fully in this paragraph.

18       40.    BH Hotel has accused Kitross of infringing its registered service marks

19   by selling products bearing the words "Beverly Hills" in the stylized lettering shown

20   in its U.S. Trademark Registration No. 1516814.

21       41.    Infringement under 15 U.S.C. § 1114 requires proof of likelihood of

22   confusion by consumers or potential consumers of the parties' products.  There is no

23   likelihood of confusion between BH Hotel's goods and services, and the products sold

24   by Kitross.

25       42.    "Beverly Hills" is geographically descriptive, as the California courts

26   decided in the 1950s. The primary meaning, and perhaps the only meaning of

27   "Beverly Hills" as a standalone phrase is the city, not BH Hotel.

28   / / /

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

43.     Kitross's use of "Beverly Hills" is not source-identifying but aesthetically functional.  Customers buy t-shirts bearing the name "Beverly Hills" because they want a t-shirt to show their civic pride or to announce that they have visited this iconic American city, not because they believe such shirts are made or endorsed by BH Hotel.

44.     An actual case or controversy exists between the parties as to whether Kitross has infringed BH Hotel's registered trademarks by selling products bearing the words "Beverly Hills" in the stylized lettering.

45.     Accordingly, the Court should declare that Kitross's sale of those products does not infringe any trademark rights of BH Hotel under its asserted registered trademarks.

## SECOND CAUSE OF ACTION

### (Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201; Declaratory judgment of non-dilution)

46.     Kitross realleges paragraphs 1-46 of this Counterclaim as if set forth fully in this paragraph.

47.     BH Hotel has accused Kitross of diluting its registered trademarks asserted in the Complaint.

48.     Kitross's offering and selling products bearing the words "Beverly Hills" in the stylized lettering do not dilute any trademark rights of BH Hotel.

49.     First, BH Hotel's asserted trademarks are not famous and distinctive as those terms are used in 15 U.S.C. § 1125(c)(2)(A) because they are not widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner.

50.     Second, Kitross has not used an identical or nearly identical mark because the products alleged to infringe do not bear the registered mark "The Beverly Hills Hotel." The apparel only uses the proper name "Beverly Hills" in the stylized lettering.  The pillow uses the significantly different sentence "I'd rather be in Beverly

Hills," in similar but different stylized lettering.

51.     Third, the primary meaning of "Beverly Hills" is the city of Beverly Hills, so that phrase is geographically descriptive, as the California courts decided in the 1950s.   Using the city name "Beverly Hills" without the word "hotel" is a reference to the city, so it does not dilute any rights in the registered trademark "The Beverly Hills Hotel."

52.     Fourth, as a result of the BH Hotel's having used the words "The Beverly Hills" in Williams' stylized lettering on its façade, visible not only to hotel guests but to the general public, since approximately 1949 without asserting any exclusive right to use that lettering with "Beverly Hills" until registering its trademark "The Beverly Hills Hotel" almost 40 years later, numerous parties have used the stylized lettering in combination with the city name "Beverly Hills."  Third parties continue to do so. Because of this widespread use, this combination has become associated, in the mind of the public, with the city of Beverly Hills.

53.     Fifth, BH Hotel's trademark has been tarnished by protests of its owner's implementation of ant-gay Sharia laws and an ongoing boycott since 2014 of BH Hotel. Given the tarnishment of BH Hotel's trademark by protests and the boycott, caused by its owner's deliberate and continuing state action, the BH hotel has no moral standing or basis in fact to complain that sales of "Beverly Hills" themed apparel and decorative pillows are likely to dilute and tarnish that trademark.

54.     An actual controversy exists between the parties as to whether Kitross's use of the words "Beverly Hills" on products in Williams' stylized lettering or similar stylized lettering constitutes dilution under 15 U.S.C. § 1125(c)(2)(A).

55.     Accordingly, Kitross is entitled to a declaratory judgment that its use does not dilute any trademark right of BH Hotel.

/ / /

/ / /

/ / /

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

## THIRD CAUSE OF ACTION

### (Cancellation of Trademark Registration Nos. 1498143 and 1516814 under 15 U.S.C. § 1064 and 1119 on the basis that "The Beverly Hills Hotel" has become generic)

56.     Kitross realleges paragraphs 1-56 of this Counterclaim as if set forth fully in this paragraph.

57.     The registered trademarks have been owned by BH Hotel since their registration in 1988.

58.     The trademarks have become generic and do not function as a service mark because they fail to uniquely identify BH Hotel as the source of services.

59.     A registered trademark may be cancelled at any time if it has become generic.

60.     Therefore, BH Hotel's asserted trademarks should be cancelled for having become generic.

## FOURTH CAUSE OF ACTION

### (Tortious interference with Prospective Economic Relations)

61.     Kitross realleges paragraphs 1-62 of this Counterclaim as if set forth fully in this paragraph.

62.     Kitross has relationships with its vendors for the accused products and with consumers of apparel and other products expressing pride in, or approval of, the city of Beverly Hills.  Since Kitross opened its Beverly Hills location, such goods have consistently sold well.  These relationships provided Kitross with the probability of future economic benefits in the nature of more sales of Beverly Hills themed products, including those using Williams' stylized lettering.

63.     BH Hotel was aware of these relationships, as shown by its reliance on an email from a patron who visited Kitross's Beverly Hills store, photographed the store, and told BH Hotel about Kitross Beverly Hills store's sale of Beverly Hills themed products.  BH Hotel's awareness is also shown by it having sent a cease-and-

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

desist letter to JET/John Eshaya as alleged the complaint and attached as an exhibit, with the express intent that Mr. Eshaya cease providing apparel bearing the name "Beverly Hills" to Kitross.

64.     BH Hotel's cease and desist letters to Kitross and Mr. Eshaya caused the actual disruption of Kitross's business relationships with its vendors and with its retail customers.  As a result of the threat of litigation, Kitross pulled accused products from its store and has lost significant sales since doing so and continuing through the present, all while watching competitors continue to sell similar and identical products without interference by BH Hotel.  Also, as a result, Mr. Eshaya agreed to destroy or delete materials used to adorn apparel with the city name "Beverly Hills" and cease selling such apparel to Kitross.

65.     BH Hotel's interference caused actual economic harm to Kitross in the form of lost sales of Beverly Hills themed products in the period since Kitross was coerced by the threat of litigation to cease offering those products for sale.  BH Hotel therefore engaged in tortious interference with Kitross's business relations and prospective business relations.

### PRAYER FOR RELIEF

WHEREFORE, Kitross prays that judgment be entered:

A.     Declaring that Kitross's offer for sale and sale of products bearing the name "Beverly Hills" in Mr. Williams' stylized lettering or similar stylized lettering has not infringed and will not infringe BH Hotel's registrations for "The Beverly Hills Hotel" or constitute unfair competition under Cal. Bus. & Prof. Code §17200;

B.     Declaring that Kitross's offer for sale and sale of products bearing the name "Beverly Hills" in Mr. Williams' stylized lettering does not dilute BH Hotel's registered mark "The Beverly Hills Hotel";

C.     Cancelling the Federal Trademark Registration Nos. 1498143 and 1516814;

D.     That BH Hotel has tortiously interfered with Kitross's business relations and prospective economic relations;

E.     Finding that this case is exceptional and awarding Kitross its reasonable attorneys' fees and costs in this action; and

F.     Granting such other relief as the Court finds just and proper.

DATED: January 22, 2024                    KRANE & SMITH, APC

                                  By:   /s/ Jeremy D. Smith
                                        Jeremy D. Smith
                                        Craig S. Berman
                                        Attorneys for Defendant KITROSS
                                        APPAREL LOS ANGELES, LLC

## **DEMAND FOR JURY TRIAL**

Defendant/Counter Plaintiff KITROSS APPAREL LOS ANGELES, LLC hereby demands a jury trial on all issues that are triable by a jury.

DATED: January 22, 2024          KRANE & SMITH, APC

                                        By:  /s/ Jeremy D. Smith
                                        _____
                                             Jeremy D. Smith
                                             Craig S. Berman
                                             Attorneys for Defendant KITROSS
                                             APPAREL LOS ANGELES, LLC

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 22, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Amy R. Monroe*
AMY R. MONROE

**2**

**ANSWER; COUNTERCLAIM; DEMAND FOR JURY TRIAL**