UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAJAHTERA, INC.<br><br>Plaintiff(s),<br><br>v.<br><br>KITROSS APPAREL LOS ANGELES, LLC , et al.<br><br>Defendant(s). | CASE NO:  2:23–cv–08005–MWF–KS<br><br>ORDER SETTING SCHEDULING CONFERENCE<br><br>**Date:** March 11, 2024<br>**Time:** 11:00 a.m.<br>**Courtroom:** 5A |

**READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to Judge Michael W. Fitzgerald. This matter is set for a scheduling conference on the above date. If plaintiff has not already served the operative complaint on *all* defendants, plaintiff *promptly* shall do so and shall file proofs of service within three days thereafter. Defendants also timely shall serve and file their responsive pleadings and file proofs of service within three days thereafter. At the scheduling conference, the Court will set a date by which motions to amend the pleadings or add parties must be heard.

The conference will be held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties are reminded of their obligations under Rule 26(a)(1)

to disclose information (without awaiting a discovery request), and under Rule 26(f) to confer on a discovery plan not later than 21 days before the scheduling conference and to e-file a "Joint Rule 26(f) Report" with the Court not later than 14 days before the conference. Mandatory paper chambers copies of the Joint Rule 26(f) Report must be delivered to Judge Fitzgerald's drop box located outside of the Deputy Clerk's office, on the fourth floor of the courthouse, 350 West 1st Street, by12:00 p.m. (noon) on the first court day after the e-filing.

The Court encourages counsel to agree to begin to conduct discovery actively *before* the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.

**This Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules, including Local Rule 16. "Counsel," as used in this order, includes parties appearing *in propria persona*.**

**1.     Joint Rule 26(f) Report**

The Joint Rule 26(f) Report, which shall be filed **not later than 14 days** before the scheduling conference, shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page. It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

    a.    <u>Statement of the Case</u>:  A short synopsis (not to exceed two pages) of the main claims, counterclaims and affirmative defenses.

    b.    <u>Subject Matter Jurisdiction</u>:  A statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

  c. <u>Legal Issues</u>:  A brief description of the **key legal issues**, including any unusual substantive, procedural or evidentiary issues.

  d. <u>Parties, Evidence, etc.</u>:  A list of parties, percipient witnesses and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

  e. <u>Damages</u>:  The realistic range of provable damages.

  f. <u>Insurance</u>:  Whether there is insurance coverage, the extent of coverage and whether there is a reservation of rights.

  g. <u>Motions</u>:  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

  h. <u>Manual for Complex Litigation</u>:  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

  i. <u>Status of Discovery</u>:  A discussion of the present state of discovery, including a summary of completed discovery.

  j. <u>Discovery Plan</u>:  A detailed discovery plan, as contemplated by Rule 26(f). State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

  k. <u>Discovery Cut-off</u>:  A proposed discovery cut-off date. *N.B.* This means the final day for **completion of discovery**, including resolution of all discovery motions.

  l. <u>Expert Discovery</u>:  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

///

    m.    <u>Dispositive Motions</u>:  A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

    n.    <u>Settlement/Alternative Dispute Resolution (ADR)</u>:  A statement of what settlement discussions or written communications have occurred (**excluding any statement of the terms discussed**). If counsel have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense). If the parties jointly desire a settlement conference with the assigned magistrate judge, they should so indicate in their report and the matter will be discussed at the scheduling conference. No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.

    o.    <u>Trial Estimate</u>:  A realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel shall be prepared to discuss in detail the estimate.

    p.    <u>Trial Counsel</u>:  The name(s) of the attorney(s) who will try the case.

    q.    <u>Independent Expert or Master</u>:  Whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution

of a difficult computation of damages, etc.).

r. <u>Timetable</u>: **Complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report.** The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the pretrial conference. The form is designed to enable counsel to ask the Court to set different (earlier) last dates by which the key requirements must be completed. Each side should write in the month, day, and year it requests for each event. *E.g.*, for the expert discovery cut-off it might be "10/15/12" for plaintiff and "10/29/12" for defendant, if they cannot agree. At the conference, the Court will review this form with counsel. Each entry proposing Court dates shall fall on a Monday, except the trial date, which is a Tuesday. Counsel should insure that requested dates do not fall on a holiday. In appropriate cases the Court will order different dates after it hears from counsel. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions may be **heard**, not filed. The Court is not likely to continue this date and will not do so unless the trial date also is continued.

s. <u>Other issues</u>: A statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any

proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

**2.** **Scheduling Conference**

Scheduling conferences will be held in Courtroom 5A, 350 West 1st Street. Counsel shall comply with the following:

a. Participation: Although the Court would prefer lead trial attorney's attendance at the scheduling conference, it is not required. However, if lead trial counsel does not attend, any attorney appearing on his or her behalf must be prepared to discuss the case and authorized to address scheduling with the Court and opposing counsel.

b. Continuance: A continuance of the scheduling conference will be granted only for good cause.

**3.** **Notice to be Provided by Counsel**

Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**4.** **Disclosures to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's trial order, which will contain the schedule that the Court sets at the scheduling conference.

**5.** **Court's Website**

Copies of this and all other orders of this Court that may become applicable to this case are available on the Central District of California website, at www.cacd.uscourts.gov, under "Judge's Procedures and Schedules." Copies

///

of the Local Rules are available on the website.[1]

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

**IT IS SO ORDERED.**

Dated: January 24, 2024

                    MICHAEL W. FITZGERALD
                    United States District Judge

---

[1] They may also be purchased from one of the following:

| Los Angeles Daily Journal | West Publishing Company | Metropolitan News |
|---|---|---|
| 915 East First Street | 50 West Kellogg Blvd. | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul, MN 55164–9979 | Los Angeles, CA 90012 |

7

JUDGE MICHAEL W. FITZGERALD
<u>SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET</u>

| Case No. | |
|---|---|
| **Case Name** | |

| Matter | Plaintiff(s)' Date<br>mo / day / year | Defendant(s)' Date<br>mo / day / year | Court Order |
|---|---|---|---|
| [  ] Jury Trial *or* [  ] Court Trial<br>**(Tuesday at 8:30 a.m.)**<br>          Duration Estimate: ___ Days | | | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine*<br>**(Monday at 11:00 a.m. -- three (3) weeks before trial date)**<br><br>Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | | | |

| Event | Weeks Before Trial | Plaintiff(s)' Date<br>mo / day / year | Defendant(s)' Date<br>mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | | | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | | | |
| Expert Disclosure (Initial) | | | | |
| Expert Disclosure (Rebuttal) | | | | |
| Expert Discovery Cut-Off | 14 * | | | |
| Last Date to **Hear** Motions (Monday at 10:00 a.m.) | 14 | | | |
| Last Date to Conduct Settlement Conference | 12 | | | |
| <u>For Jury Trial</u><br><br>• File Memorandum of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Regarding Settlement<br>• File Motions *In Limine* | 6 | | | |
| <u>For Jury Trial</u><br><br>• Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | | | |
| <u>For Court Trial</u><br><br>• Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel     ☐ Private Mediation     ☐ Magistrate Judge (with Court approval)

EXHIBIT A