PETER B. MARETZ, SBN 144826
pmaretz@stokeswagner.com
OMAR V. HERNANDEZ , SBN 340089
ohernandez@stokeswagner.com
STOKES WAGNER ALC
600 West Broadway, Suite 910
San Diego, CA 92101
Telephone: (619) 232-4261
Facsimile: (619) 232-4840

Attorneys for Plaintiff SAJAHTERA, INC. dba THE BEVERLY HILLS HOTEL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

SAJAHTERA, INC., a Delaware Corporation, dba THE BEVERLY HILLS HOTEL

Plaintiff,

v.

KITROSS APPAREL LOS ANGELES, LLC, a California limited liability company; and DOES 1 through 50,

Defendants.

Case No: 2:23-cv-08005

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF AND COUNTERDEFENDANT TO DISMISS AND STRIKE PORTIONS OF COUNTERCLAIM**

Date: March 18, 2024
Time: 10:00 a.m.
Judge: Michael W. Fitzgerald
Court: 5A

Stokes Wagner ALC
600 West Broadway, Suite 910
San Diego, CA 92101
(619) 232-4261

## TABLE OF CONTENTS

***I. INTRODUCTION*** ........ ***1***

***II. LEGAL AUTHORITY*** ........ ***1***

***III. ARGUMENT*** ........ ***2***

**A. The First and Second Causes of Action Should be Dismissed as They Are Mere Mirror Images of Causes of Action in the Hotel's Complaint** ........ **2**

**B. The Third Cause of Action Fails to Allege Sufficient Facts For A Claim That the Hotel's Mark Has Become Generic** ........ **4**

**C. The Fourth Cause of Action Fails to Allege a Wrongful Act As Required for a Claim of Tortious Interference with Prospective Economic Relations** ........ **6**

**D. Portions of Kitross's Counterclaim Should Be Stricken as Immaterial** ........ **7**

**1.** Geographically Descriptive ........ 8

**2.** Brunei Statements ........ 8

***IV. CONCLUSION*** ........ ***8***

# TABLE OF AUTHORITIES

## CASES

*Aldens, Inc. v. Packel,* 524 F.2d 38, 51-52 (3d Cir. 1975)........................................5
*also Entrepreneur Media, Inc. v. Dermer*, No. SACV181562JVSKESX, 2019 WL 4187466, at *7 (C.D. Cal. July 22, 2019)........................................7
*also Gagan v. Gagnon*, No. 522CV00680SSSSPX, 2023 WL 3150081, at *1 (C.D. Cal. Mar. 2, 2023)........................................9
*Atlantic Recording Corp. v. Serrano*, no. 07-1824, 2007 WL 4612921, *4 (S.D. Cal. Dec. 28, 2007)........................................4
*Avery Dennison Corp. v. Acco Brands, Inc.,* no. 99-1877DT, 2000 WL 986995 (C.D. Cal. Feb. 22, 2000)........................................5
*Bayer Co. v. United Drug Co.*, 272 F. 505, 510 (S.D.N.Y. 1921);........................................6
*Burke v. Mesta Mach. Co.,* 5 F.R.D. 134 (D.C.Pa.1946)........................................9
*Capitol Records, Inc. v. Weed*, no, 06-01124, 2008 WL 1820667 (D. Ariz. Apr. 22, 2008)........................................5
*Chesebrough-Pond's, Inc. v. Faberge, Inc.,* 666 F.2d 393, 396 (9th Cir. 1982)........................................4
*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 393 (1995)........................................8
*DuPont Cellophane Co. v. Waxed Prods. Co.*, 85 F.2d 75, 82 (2d Cir. 1936)........................................6
*Edwards v. Arthur Anderson*, 44 Cal.4th 937, 944 (2008).........................................9
*Elliott v. Google, Inc.*, 860 F.3d 1151, 1157 (9th Cir. 2017)........................................7
*Elliott v. Google, Inc.,* 860 F.3d at1157........................................8
*Englewood Lending Inc. v. G & G Coachella Investments, LLC*, no. 09-223, 2009 WL 2566870, *4 (C.D. Cal. Aug. 17, 2009)........................................5
*Entrepreneur Media, Inc. v. Dermer*, 2019 WL 4187466, at *7........................................8
*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)........................................4
*Freecycle Network, Inc.*, 505 F.3d at 905.........................................6
*Healing v. Jones,* 174 F.Supp. 211, 220 (D.Ariz.1959)........................................9
*Interscope Records v. Duty*, no. 05-3744, 2006 WL 988086, at * 12 (D. Ariz. Apr. 14, 2006)........................................5
*Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111, 118, 59 S.Ct. 109, 83 L.Ed. 73 (1938)........................................7
*Rayman v. Peoples Sav. Corp.,* 735 F. Supp. 842, 852-53 (N.D. Ill. 1990)........................................5
*SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)........................................4
*Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 531 (7th Cir. 2003)........................................7
*Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995)........................................4
*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005)........................................7

Stokes Wagner ALC
600 West Broadway, Suite 910
San Diego, CA 92101
(619) 232-4261

**RULES**

15 U.S.C. § 1064(3) .......... 7, 8
28 U.S.C. § 2201 .......... 4
Fed. R. Civ. P. 12(b)(6) .......... 3

Stokes Wagner ALC
600 West Broadway, Suite 910
San Diego, CA 92101
(619) 232-4261

Plaintiff and counter defendant Sajahtera, Inc., dba The Beverly Hills Hotel ("the Hotel") brings the following motion to dismiss the counterclaim of defendant and counterclaimant Kitross Apparel Los Angeles, LLC ("Kitross").

## I. INTRODUCTION

Relying on the same theories plainly disposed of by this court in denying Kitross's motion to dismiss the Hotel's complaint, Kitross asserts its Counterclaim consisting of four claims for relief: Declaratory judgment of noninfringement of registered trademarks state and unfair competition in violation of California Business and Professions Code section 17200, declaratory judgment of non-dilution, cancelation of trademark registration, and tortious interference of prospective economic relations.

All causes of action should be dismissed under Federal Rule of Civil Procedure 12(b)(6). The Hotel's complaint herein states three causes of action: Trademark Infringement, Trademark Dilution, and Unfair Competition Under California Business and Professions Code section 17200. The first and second causes of action are mere "mirror image" claims for declaratory judgment of complaints three causes of action. The third cause of action of the counterclaim should be dismissed as Kitross has failed to allege facts sufficient to support that the Hotel's Mark has become generic. The fourth cause of action of the counterclaim must likewise be dismissed as Kitross has failed to allege any independent wrongful conduct as required for its tortious interference claim. Finally, portions of the Counterclaim are impertinent to the claims presented in either the complaint or counterclaim and should be stricken under Rule 12(f).

## II. LEGAL AUTHORITY

Rule 12(b)(6) mandates dismissal when a plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *SidneyVinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983); see also . A court may also strike matter that is immaterial i.e., "that which has no essential or important relationship to the claim for relief or the defenses being plead," or matter that is impertinent, i.e., that which does not pertain, and is not necessary, to the issues in question. (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).)

## III. ARGUMENT

### A. **<u>The First and Second Causes of Action Should be Dismissed as They Are Mere Mirror Images of Causes of Action in the Hotel's Complaint</u>**

The Declaratory Judgment Act authorizes courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The Act gives courts the ability to issue declaratory relief but does not require them to do so. See *Chesebrough-Pond's, Inc. v. Faberge, Inc.,* 666 F.2d 393, 396 (9th Cir. 1982) ("Declaratory relief is available at the discretion of the district court."). Rather, the Supreme Court has held that a declaratory judgment claim is appropriate only when it serves a useful purpose. See *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995) ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.")

Declaratory judgment counterclaims are analyzed under the "mirror image" rule. Under the rule, a defendant is not be permitted to assert a Counterclaim that "merely restate[s] issues already before the court as part of a plaintiff's affirmative case." *Atlantic Recording Corp. v. Serrano*, no. 07-1824, 2007 WL 4612921, *4 (S.D. Cal. Dec. 28, 2007) (citing *Avery Dennison Corp. v. Acco Brands, Inc.,* no. 99-

1877DT, 2000 WL 986995 (C.D. Cal. Feb. 22, 2000)). In those cases, dismissal is appropriate where "both the plaintiff's claim and a defendant's counterclaim seeking declaratory relief raise identical factual and legal issues," thereby making the counterclaim redundant. Avery Dennison Corp., no. 99-1877DT, 2000 WL 986995, at *4 (citing *Aldens, Inc. v. Packel,* 524 F.2d 38, 51-52 (3d Cir. 1975)).

Where a defendant in a trademark infringement suit asserts a Counterclaim seeking a declaratory judgment of non-infringement and non-dilution, a motion to dismiss is proper. See Avery Dennison Corp., no. 99-1877DT, 2000 WL 986995, at *4. Such claims are superfluous in light of the plaintiff's underlying infringement claim. Id.; see also *Interscope Records v. Duty*, no. 05-3744, 2006 WL 988086, at * 12 (D. Ariz. Apr. 14, 2006) (dismissing analogous Counterclaim seeking declaration of copyright non-infringement, because the Counterclaim was "redundant and unnecessary.") Accordingly, these counterclaims are properly dismissed without prejudice and all of the pertinent issues are resolved by the Court's adjudication of the plaintiff's underlying infringement claim. Id.; see also *Capitol Records, Inc. v. Weed*, no, 06-01124, 2008 WL 1820667 (D. Ariz. Apr. 22, 2008) (refusing defendant's motion for leave to add non-infringement Counterclaim because "some courts have ruled that a declaratory judgment for non-infringement is subject to dismissal when it is redundant of other claims that will already be addressed in the case").

A counterclaim is subject to dismissal if it serves no purpose other than to restate the defendant's affirmative defenses. See *Englewood Lending Inc. v. G & G Coachella Investments, LLC*, no. 09-223, 2009 WL 2566870, *4 (C.D. Cal. Aug. 17, 2009); *Rayman v. Peoples Sav. Corp.,* 735 F. Supp. 842, 852-53 (N.D. Ill. 1990) (recognizing that the court should disregard a Counterclaim that "simply duplicates arguments made by way of affirmative defense"). The purpose of the Declaratory Judgment Act is to relieve potential defendants from the "threat of impending litigation" but once a defendant is "already obliged to defend against" a suit,

declaratory judgment on counterclaim no longer serves the purpose of the Act. Englewood Lending Inc., no. 09-223, 2009 WL 2566870, at *4.

Here, the first claim for relief in the Hotel's complaint is for infringement of the Hotel's protected mark. The second claim for relief is for dilution of the Hotel's protected mark. The third claim for relief is violation of California's unfair competition law under California Business and Professions Code section 17200, et seq. by virtue of Kitross's infringement and dilution of the Hotel's protected mark.

The first cause of action of Kitross's Counterclaim seeks a declaratory judgment that Kitross is not infringing on the Hotel's protected mark, and that it is not in violation of California Business and Professions Code section 17200 by virtue of the alleged infringement and dilution. The second cause of action in Kitross's counterclaim seeks a declaratory judgment that Kitross does not dilute the Hotel's protected mark. In other words, the first and second causes of action in the counterclaim are precise mirror images of the first three claims for relief in the Hotel's complaint and, for that reason, should be dismissed. These counterclaims involve the same factual and legal issues and basis as those included in the Hotel's Complaint.

**B. <u>The Third Cause of Action Fails to Allege Sufficient Facts For A Claim That the Hotel's Mark Has Become Generic</u>**

Genericide occurs when the public appropriates a trademark and uses it as a generic name for particular types of goods or services irrespective of its source. For example, ASPIRIN, CELLOPHANE, and ESCALATOR were once protectable as arbitrary or fanciful marks because they were primarily understood as identifying the source of certain goods. But the public appropriated those marks and now primarily understands aspirin, cellophane, and escalator as generic names for those same goods. *See Bayer Co. v. United Drug Co.*, 272 F. 505, 510 (S.D.N.Y. 1921); *DuPont Cellophane Co. v. Waxed Prods. Co.*, 85 F.2d 75, 82 (2d Cir. 1936); *Freecycle Network, Inc.*, 505 F.3d at 905.

The question in any case alleging genericide is whether a trademark has taken the "fateful step" along the path to genericness. *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 531 (7th Cir. 2003). The mere fact that the public sometimes uses a trademark as the name for a unique product does not immediately render the mark generic. *See* 15 U.S.C. § 1064(3). Instead, a trademark only becomes generic when the "primary significance of the registered mark to the relevant public" is as the name for a particular type of good or service irrespective of its source. *Id*. The ninth circuit has often described this as a "who-are-you/what-are-you" test. *See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005) (quoting *Filipino Yellow Pages, Inc.*, 198 F.3d at 1147). If the relevant public primarily understands a mark as describing "who" a particular good or service is, or where it comes from, then the mark is still valid. But if the relevant public primarily understands a mark as describing "what" the particular good or service is, then the mark has become generic. In sum, courts in the ninth circuit ask whether "the primary significance of the term in the minds of the consuming public is [now] the product [and not] the producer." *Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111, 118, 59 S.Ct. 109, 83 L.Ed. 73 (1938).

However, in order to sustain a claim of genericide or genericness, the claim must made be with regard to the particular good or service the mark is registered for. *Elliott v. Google, Inc.*, 860 F.3d 1151, 1157 (9th Cir. 2017) (denying plaintiff's claim for genericness of Google's mark because plaintiff failed to allege that Google had become generic with regard to internet search engines); *see also Entrepreneur Media, Inc. v. Dermer*, No. SACV181562JVSKESX, 2019 WL 4187466, at *7 (C.D. Cal. July 22, 2019)( Holding that "[d]efendants have failed to plausibly allege how EMI's ENTREPRENEUR mark is generic beyond the bare-bones, conclusory allegation that the mark is generic.). This requirement is clear from the text of the Lanham Act, which allows a party to apply for cancellation of a trademark when it "becomes the generic name for the *goods or services* ... for which it is registered." 15 U.S.C. §

1064(3) (emphasis added). The Lanham Act further provides that "[i]f the registered mark becomes the generic name for less than all of the *goods or services* for which it is registered, a petition to cancel the registration for only those *goods or services* may be filed." *Id.* (emphasis added). Finally, the Lanham Act specifies that the relevant question under the primary significance test is "whether the registered mark has become the generic name of [certain] *goods or services*." *Id.* (emphasis added). In this way, the Lanham Act plainly requires that a claim of genericide relate to a particular type of good or service. *See Elliott v. Google, Inc.,* 860 F.3d at1157.

Here, Kitross has failed to allege that the Hotel's mark is generic for the good or service the Hotel's mark is registered for. Kitross merely asserts the conclusory statement that the Hotel's mark "ha[ve] become generic" but notably has not indicated with regard to what good or service the mark is generic. *Entrepreneur Media, Inc. v. Dermer*, 2019 WL 4187466, at *7. Ultimately, Kitross has failed to allege sufficient facts to claim that the Hotel's mark has become generic, and therefore, Kitross's claim for cancelation of the Hotel's mark should be dismissed under Rule 12(b)(6).

**C. The Fourth Cause of Action Fails to Allege a Wrongful Act As Required for a Claim of Tortious Interference with Prospective Economic Relations**

Kitross has failed to state facts showing "independently wrongful conduct" by the Hotel, which is required for a claim of tortious interference with prospective economic relations. In *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 393 (1995) the California Supreme Court held that a plaintiff seeking to recover damages for interference with prospective economic relations must plead and prove as part of its case-in-chief that in the context of the third element the defendant's conduct was "wrongful by some legal measure other than the fact of interference itself." In satisfying the "independently wrongful conduct" requirement, "Defendant's liability may arise from improper motives or from the use of improper

means. They may be wrongful by reason of a statute or other regulation, or a recognized rule of common law or perhaps an established standard of a trade or profession." *Id.* at 385 (citations omitted). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Edwards v. Arthur Anderson*, 44 Cal.4th 937, 944 (2008).

Here, Kitross has failed to allege that the Hotel committed some independently wrong conduct outside of the allegations of tortious interference. The Hotel's mark is registered with USPTO and the Hotel is entitled to enforce its right to the mark. This enforcement includes the ability to send cease and desist letters and file suit against any entity infringing on its registered mark. Kitross has not and cannot allege otherwise that the Hotel committed some otherwise independently wrongful act and as a result, Kitross's Counterclaim should be dismissed under 12(b)(6).

### D. Portions of Kitross's Counterclaim Should Be Stricken as Immaterial

Under FRCP 12(f), "[a] statement of unnecessary particulars in connection with and descriptive of a material matter may be stricken as 'immaterial.'" *Gilbert,* 56 F.R.D. at 120, n. 5; *Burke v. Mesta Mach. Co.,* 5 F.R.D. 134 (D.C.Pa.1946). Immaterial" means that the matter has no bearing on the controversy before the court. If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion. *Fantasy, Inc.,* 984 F.2d at 1527; *see also Gagan v. Gagnon*, No. 522CV00680SSSSPX, 2023 WL 3150081, at *1 (C.D. Cal. Mar. 2, 2023) (granting a plaintiff's motion to strike for immaterial language because facts about drug abuse were not required to prove defendant's counterclaims.). Superfluous historical allegations are properly subject to a motion to strike. *Id.*; *see, e.g., Healing v. Jones,* 174 F.Supp. 211, 220 (D.Ariz.1959).

/ / /

/ / /

**1.** *Geographically Descriptive*

First, the references in the counterclaim to third parties' mere use of the name "Beverly Hills" should be stricken as immaterial. *See* Defendant's Answer and Counterclaim, pg 6, ln 12 – pg 14, ln 27. The Hotel has never argued that Kitross, or anyone else for that matter, could not use the words "Beverly Hills." Rather, the Hotel has always argued that it is Kitross's use of those words ***in the Hotel's protected logo*** which has been the issue. Kitross misunderstands and misrepresents the issues of this case and as a result, the court should strike this material under Rule 12(f).

**2.** *Brunei Statements*

Additionally, Kitross's statements regarding the Dorchester Collection Brunei owner should be stricken from the record as gratuitous, salacious, and immaterial. *See* Defendant's Answer and Counterclaim at pg 18, ln 22 – pg 19, ln 15. These statements have absolutely no shred of relevance for the Hotel's claims nor Kitross's defenses, and are plainly inserted to inflame emotions and prejudice the Hotel. The cited material is plainly irrelevant to these claims and the should be stricken under FRCP 12(f).

## IV. CONCLUSION

Kitross is plainly infringing the protected mark of The Beverly Hills Hotel, and all issues relating to that infringement will be decided by virtue of the Hotel's original complaint herein. The counterclaim offers nothing additional under its claims for judicial declaration, does not and cannot state a claim for interference with prospective economic relations, and includes factual allegations that are plainly irrelevant. For these reasons, the Kitross counterclaim should be stricken in its entirety.

/ / /

/ / /

/ / /

DATED: February 12, 2024

STOKES WAGNER ALC

By:________________________________

PETER B. MARETZ
Attorneys for Plaintiff SAJAHTERA, INC. DBA THE BEVERLY HILLS HOTEL