1  PETER B. MARETZ, SBN 144826
   pmaretz@stokeswagner.com
2  OMAR V. HERNANDEZ , SBN 340089
   ohernandez@stokeswagner.com
3  STOKES WAGNER ALC
   401 W. A Street, Suite 2235
4  San Diego, CA 92101
   Telephone:  (619) 232-4261
5  Facsimile:   (619) 232-4840

6  Attorneys for Plaintiff SAJAHTERA, INC.
   dba THE BEVERLY HILLS HOTEL
7
8  JEREMY D. SMITH , SBN 242430
   jsmith@kranesmith.com
9  CRAIG S. BERMAN, SBN 195718
   cberman@kranesmith.com
10 KRANE & SMITH, APC
   16255 Ventura Blvd, Suite 600
11 Encino, CA 91436
   Telephone:  (818) 382-4000
12 Facsimile:   (818) 382-4001

13 Attorneys for Defendant KITROSS APPAREL
   LOS ANGELES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| SAJAHTERA, INC., a Delaware Corporation, dba THE BEVERLY HILLS HOTEL<br><br>Plaintiff,<br><br>v.<br><br>KITROSS APPAREL LOS ANGELES, LLC, a California limited liability company; and DOES 1 through 50,<br><br>Defendants. | Case No: 2:23-cv-08005-MWF-KS<br><br>**JOINT RULE 26(f) REPORT** |

**JOINT RULE 26(F) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, the parties to this action, Plaintiff SAJAHTERA, INC. dba The Beverly Hills Hotel ("Plaintiff"), and Defendant KITROSS APPAREL LOS ANGELES, LLC ("Defendant"), hereby submit this Joint Report in the above captioned matter.

The parties' counsel identified below participated in a meeting as required by Rule 26 (f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference and have prepared the following joint report.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Position

Sajahtera, Inc. is the owner and operator of The Beverly Hills Hotel (the "Hotel"). The Hotel's federally protected trademarks include the name "The Beverly Hills Hotel" as well as "The Beverly Hills Hotel" in a unique stylized font. In the 1940s, the Hotel underwent a major renovation. That renovation resulted in the Hotel's appearance as it is today, both inside and outside. The architect of the renovation was Paul Revere Williams, a pioneering black architect responsible for many iconic properties in and around Los Angeles. The stylized font that is the Hotel's protected trademark is actually Mr. Williams's handwriting. The Hotel features its protected mark on the building façade, as well as items throughout the Hotel including signage, menus, and a broad range of souvenirs in its Signature Shop including t-shirts, sweatshirts, hats, and other items.

Defendant operates Kitson, a clothing and souvenir retailer operating online and through its shop in West Hollywood. Kitson sells a broad range of apparel, including t-shirts, sweatshirts, hats, and novelty souvenirs bearing the words "Beverly Hills" in the identical stylized font as the Hotel's protected mark.

Plaintiff contends Defendant is unlawfully infringing on its protected mark and seeks damages and an injunction against Defendant's continued infringement. Defendant denies Plaintiff's allegations.

### B. Defendant's Position

On January 22, 2024, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint, asserting fifteen affirmative defenses. Defendant denies that it has infringed on the Hotel's trademark because, inter alia, Defendant has not used and is not using the Hotel's registered mark "The Beverly Hills Hotel" but is only using "Beverly Hills," the proper name of a city, as an ornamental feature, not a source-identifier, on products offered for sale in Defendant's retail store located in Beverly Hills, California. Such use by Defendant is not trademark infringement, dilution, or unfair competition as a matter of law.

Defendant has brought a counter-claim against Plaintiff seeking: (a) Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201; (b) Declaratory judgment of noninfringement of registered trademarks state and no unfair competition in violation of California Business and Professions Code section 17200; (c) Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201; (d) Declaratory judgment of non-dilution; (e) Cancellation of Trademark Registration Nos. 1498143 and 1516814 under 15 U.S.C. § 1064 and 1119 on the basis that "The Beverly Hills Hotel" has become generic; and (f) Tortious interference with Prospective Economic Relations.

## II. SUBJECT MATTER JURISDICTION

Based upon claims of violation of the Lanham Act, 15 U.S.C. 1114, subject matter jurisdiction is based upon federal question jurisdiction.

## III. LEGAL ISSUES

### A. Plaintiff's Position

- Whether Defendant has unlawfully infringed on the protected trademark of the Hotel.
- Whether Defendant's trademark infringement unlawfully dilutes the Hotel's trademark.

/ / /

/ / /

B. **Defendant's Position**

Defendant contends that the key legal issues are:

- Whether Defendant's non-non trademark use of the words "Beverly Hills" constitutes infringement of the Hotel's trademark "The Beverly Hills Hotel";
- Whether Plaintiff's use of the non-trademark phrase "Beverly Hills" identifies the source of the goods identified in Plaintiff's trademark for "The Beverly Hills Hotel";
- Whether Defendant's use of the common non-trademark phrase "Beverly Hills" is merely ornamental and does not function as a trademark; and
- Whether there is any likelihood of confusion between Defendant's common, ordinary, and ornamental use of the phrase "Beverly Hills" and any alleged trademark rights asserted by Plaintiff.

IV. **PARTIES, EVIDENCE, ETC.**

A. **The Parties**

Plaintiff's Position: The proper parties are currently before this Court.

Defendant's Position: The proper parties are currently before this Court.

B. **The Evidence; Plaintiff's Position**

Plaintiff will present evidence of its trademark registration, its use of the protected mark, and its efforts to combat infringement of the mark including dozens of cease-and-desist letters, lawsuits, and documentation of acquiescence of accused infringing parties in the demand to cease and desist infringement.

C. **The Evidence; Defendant's Position**

Defendant will present evidence that Plaintiff's trademark does not permit Plaintiff from prohibiting Defendant from selling merchandise with the phrase "Beverly Hills" on the merchandise. Defendant anticipates that at least the following will be potential key documents for the above mentioned legal issues:

- Certain documents related to Plaintiff's and third-party uses of the alleged asserted trademarks;
- Certain documents related to Plaintiff's applications for the alleged asserted trademarks;
- Certain documents related to the goods associated with the asserted trademarks;
- Communications with Plaintiff and Plaintiff's counsel;
- Certain documents related to Plaintiff's channels of trade and target market;
- Certain documents related to Plaintiff's advertising and marketing;
- Certain documents related to Defendant's channels of trade and target market;
- Certain documents related to Plaintiff's and Defendant's sales and other financial information;
- Certain documents related to third party use of the phrase "Beverly Hills"; and
- Any other documents and things that Kitross may use to support its claims and defenses.

It is anticipated that additional percipient witnesses and key documents will be identified during the course of discovery.

## V.   DAMAGES

### A.   Plaintiff's Position

Damages are to be determined following review of Defendant's relevant sales receipts.

### B.   Defendant's Position

Defendant denies that Plaintiff is entitled to any such damages and seeks recovery of its costs and attorneys' fees, and such other relief as the Court deems appropriate. Defendant has been damaged as a result of its voluntary cease of sales

of merchandise containing "Beverly Hills" on it.

## VI. INSURANCE

Plaintiff's Position: To be determined in discovery.

Defendant's Position: To be disclosed.

## VII. MOTIONS

### A. Plaintiff's Position

Plaintiff anticipates filing a motion for summary judgement on all claims.

### B. Defendant's Position

Defendant contemplates bringing motions for summary judgement and/or adjudication on the issues related to the alleged infringement of Plaintiff's alleged federally registered trademarks for "The Beverly Hills Hotel."

## VIII. MANUAL FOR COMPLEX LITIGATION

The parties agree that the matter is not complex such that no portion of Manual Complex Litigation should be utilized in managing the matter.

## IX. STATUS OF DISCOVERY

**Rule 26 Initial Disclosures**

The parties have yet to undertake discovery but have agreed to exchange Initial Disclosures on or before March 7, 2024.

## X. DISCOVERY PLAN

The parties propose the following with regard to discovery:

### A. Scope and Subjects of Discovery

#### 1. Plaintiff's Subjects on Which Discovery May Be Needed

Without prejudice to its right to seek discovery on any relevant issues, Plaintiff believes it will need and seek discovery concerning the basis of Plaintiff's claims, theories of liability and damages, Defendant's defenses to each, and any and all factual, evidentiary and legal support.

/ / /

/ / /

      2.      **Defendant's Subjects on Which Discovery May Be Needed**

    B.      **Agreed Upon Methods of Discovery**

The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Request for Production of Documents; (2) oral depositions of Plaintiff's and Defendant's owner/employees and "person(s) most knowledgeable" under Rule 30(b)(6); and (3) oral depositions of relevant third-party witnesses.

**XI.   DISCOVERY CUTOFF**

See completed Schedule of Pretrial and Trial Dates form attached as <u>Exhibit A</u>.

**XII.  EXPERT DISCOVERY**

Plaintiff's Position: Plaintiff anticipates designating an expert(s) on trademark infringement and damages.

Defendant's Position: Defendant anticipates designating an expert(s) on trademark infringement and damages.

**XIII. DISPOSITIVE MOTIONS**

See section VII "Motions" above.

**XIV. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff's Position: Plaintiff is willing to participate in mediation either in the court program or before a private mediator.

Defendant's Position: Defendant is willing to participate in mediation either in the court program or before a private mediator.

**XV.  TRIAL ESTIMATE**

Trial expected to last five (5) days. The parties request a jury trial.

**XVI. TRIAL COUNSEL**

For Plaintiff: Peter Maretz and Omar Hernandez of Stokes Wagner, ALC.

For Defendant: Jeremy Smith and Craig Berman of Krane Smith, APC.

/ / /

## XVII. TIMETABLE

See completed Schedule of Pretrial and Trial Dates form attached as <u>Exhibit A</u>.

DATED: February 26, 2024

STOKES WAGNER ALC

By: _____
PETER B. MARETZ
OMAR V. HERNANDEZ
Attorneys for Plaintiff SAJAHTERA, INC. dba THE BEVERLY HILLS HOTEL

DATED: February 26, 2024

KRANE & SMITH, APC

By: /s/ Craig S. Berman
JEREMY D. SMITH
CRAIG S. BERMAN
Attorneys for Defendant KITROSS APPAREL LOS ANGELES, LLC