UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-8005-MWF(KSx)**                    **Date:  April 28, 2026**
Title:      Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER GRANTING MOTION FOR AN
                                        ORDER TO SHOW CAUSE RE: CIVIL
                                        CONTEMPT [70]

Before the Court is Plaintiff Sajahtera, Inc.'s Motion for an Order to Show Cause Re: Civil Contempt (the "Motion"), filed on March 10, 2026.  (Docket No. 70). Defendant filed an Opposition on April 8, 2026.  (Docket No. 72).  Plaintiff filed a Reply on April 13, 2026.  (Docket No. 73).

The Court has read and considered the papers on the Motion and held a hearing on **April 27, 2026.**

The Motion is **GRANTED.**  The Court finds that the sale of the products identified below violates the terms of the Preliminary Injunction.

I.     **BACKGROUND**

The factual background of this action is fully set forth in the Court's Order Granting Motion for Preliminary Injunction (the "Prior Order") entered on Jun 10, 2024.  (Docket No. 40).  The Court therefore incorporates the background from the Prior Order.

In the Prior Order, the Court held that Plaintiff was entitled to a Preliminary Injunction ("PI") enjoining Defendant from the following activities:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-8005-MWF(KSx)**              **Date:  April 28, 2026**
Title:     Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

"making or approving any use of the phrase "Beverly Hills" in the Williams Font as depicted in Registration No. 1516814 in connection with manufacturing, distributing, offering for sale, or advertising any goods, products, or merchandise included but not limited to the infringing goods set forth in the Motion[.]"

(*See* PI (Docket No. 41)).  The Court also enjoined Defendant from making or approving any use of the phrase "The Beverly Hills Hotel" regardless of the font.  (*Id.*).

The following basic procedural background from the Motion appears undisputed.  Since the Court entered the PI, Plaintiff alleges that it became aware of Defendant continuing to sell goods bearing the phrase "Beverly Hills" in the font identified in the PI.  (Motion at 4-5).  In response, Plaintiff's counsel sent a cease and desist letter dated August 22, 2024, notifying Defendant of Plaintiff's putative continued infringement.  (Declaration of Omar V. Hernandez ("Hernandez Decl.") (Docket No. 70-2) at Ex. A).  Plaintiff asserts that the parties then decided to attempt to resolve the matter at mediation, and agreed to defer discussions on the putative violations of the PI.  (Motion at 5).

Plaintiff sent another cease and desist letter on July 29, 2025, which identified particular items sold by Defendant as infringing:

  

(*Id.;* Declaration of Michael J. Sebba ("Sebba Decl.") (Docket No. 70-1) at Ex. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 23-8005-MWF(KSx)**                **Date:  April 28, 2026**
Title:       Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

And again, the parties deferred discussions on these putative violations while they prepared for mediation.  (Motion at 5).  The parties mediated on September 16, 2025, and January 6, 2026, but failed to reach a resolution.  (*Id.*).

Finally, on February 11, 2026, Plaintiff sent Defendant another letter with its continued objections to the putative violations of the PI.  (*Id.*; Sebba Decl. at Ex. 6).  The parties met and conferred as to these putative violations, but failed to resolve the matter.  (Motion at 6).  This Motion followed.

## II.    <u>LEGAL STANDARD</u>

Federal courts have both inherent and statutory authority to punish contempt and to coerce compliance with their orders.  *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 831-32 (1994); 18 U.S.C. § 401(3) (authorizing a court to punish contempt of its authority for disobedience with or resistance to a lawful order).  "A party may be held in civil contempt where it 'fail[ed] to take all reasonable steps within the party's power to comply [with a specific and definite court order].'"  *FTC v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

"The party moving for a civil contempt order must show by clear and convincing evidence that the alleged contemnor violated the court's order."  *Id.* at 1112 (citations omitted).  The "procedure for civil contempt is to set an order to show cause hearing and to provide the contemnor an opportunity to respond and/or comply with the order."  *Mission Capital Works, Inc. v. SC Rests., Inc.*, No. CV 07-1807-JLR, 2008 WL 3850523, at *6 (W.D. Wash. Aug. 18, 2008) (citing *Int'l Union*, 512 U.S. at 831-34).  "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order."  *In re Dual-Deck*, 10 F.3d at 695 (citation omitted).  "But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the [court's order]."  *Id.* (internal quotation marks and citation omitted).  Substantial compliance with a court order also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 23-8005-MWF(KSx)**                    Date:  **April 28, 2026**
Title:        Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

constitutes a defense to civil contempt, and "is not vitiated by a few technical violations where every reasonable effort has been made to comply." *In re Dual-Deck*, 10 F.3d at 695 (internal quotations and citations omitted).

## III.  **DISCUSSION**

### A.    **Violation of the PI**

As an initial matter, the depictions of the products that continue being sold by Defendant, contained in the Motion, are undisputed.  Specifically, Defendant does not dispute that it continues to sell products that include the phrase "Meet Me in Beverly Hills" and that the phrase is depicted in the Williams Font identified in the PI.  Rather, Defendant's primary contention is that the products bearing the "standalone" phrase "Beverly Hills" in the Williams Font "are off the shelves and have been since the PI issued."  (Opp. at 2, 20).  Accordingly, the only issue to resolve is whether the sale of products bearing the phrase "Meet Me in Beverly Hills" in the Williams Font violates the PI.

The Court concludes that it does.  That the PI encompasses such a use is plain from both the explicit text of the PI and the Court's Prior Order.  First, and perhaps dispositively, the plain text of the PI prohibits "making or approving any use of the phrase 'Beverly Hills' in the Williams Font…."  (*See* PI).  Again, Defendant does not and cannot dispute that "Beverly Hills" appears on the putatively infringing products in the font identified in the PI.

Rather, Defendant's primary argument is that the PI only reaches products containing the "standalone" phrase "Beverly Hills" in the Williams Font.  But even if such a strict interpretation of the text of the PI were reasonable, that interpretation is clearly refuted by the reasoning in the Court's Prior Order.  In assessing the likelihood of confusion of the Marks under the *Sleekcraft* test, the Court reasoned:

---

CIVIL MINUTES—GENERAL                                              4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 23-8005-MWF(KSx)**              **Date:  April 28, 2026**
Title:       Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

> "With respect to Defendant's apparel, the parties' marks are similar in sight and sound as they both use the phrase 'Beverly Hills' in the Williams Font as illustrated in the following screenshots:



> Minor differences – namely, Defendant's omission of 'The' and 'Hotel' – fail to negate the overall impression of similarity between the two marks."

(Prior Order at 8-9).  The Court further noted that while the words "'Beverly Hills' on its own may be generic or descriptive," such a principle does not excuse Defendant's use of that phrase "***specifically in the Williams Font*** as depicted in the Stylized Mark." (Prior Order at 8) (emphasis in original).

Accordingly, the Court's rationale was as clear in the Prior Order as it was reflected in the PI's explicit terms.  The Court's finding on the similarity of the marks was predicated precisely upon the use of the phrase in conjunction with the Williams Font, and held that "minor differences" were immaterial so long as they "both use[d] the phrase 'Beverly Hills' in the Williams Font."  (Prior Order at 8).

Defendant nonetheless makes a number of arguments attempting to resist this result.  Defendant first points to the Court's language in the Prior Order that the PI "would not foreclose Defendant from selling merchandise depicting the phrase 'Beverly Hills' in a different font."  (Opp. at 11; Prior Order at 17).  Defendant argues that the PI's scope was "narrow, [and] font specific," and did not enjoin "all uses of the words 'Beverly Hills' in any context."  (Opp. at 11).  The Court agrees that the scope was "narrow" and "font specific," but that argument does not assist Defendant here

---

**CIVIL MINUTES—GENERAL**                                                    **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  CV 23-8005-MWF(KSx)**                    **Date:  April 28, 2026**
Title:       Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

where the putatively infringing products use the precise phrase and font enjoined in the PI.

The next argument proffered by Defendant is that the words "Meet Me In" added to the phrase "Beverly Hills" so alters the challenged use that it would be inappropriate to "extend" the PI "to products never before the Court through contempt proceedings."  (Opp. at 10).  But as Plaintiff responds, "an infringer must keep a fair distance from the 'margin line.'"  (Reply at 4-5); *see Wolfard Glassblowing Co. v. Vanbragt,* 118 F.3d 1320, 1323 (9th Cir. 1997).  In *Wolfard*, quoting *McCarthy on Trademarks,* the Ninth Circuit explained as follows:

> "[A trademark infringer] should have its conduct carefully scrutinized in future use and should not be allowed to claim the same leniency accorded a good faith user who starts use of the mark which the enjoined defendant has shifted to.  Otherwise, the enjoined defendant could simply make a tiny change and start a new trademark contest all over again in the context of the contempt hearing as to the use of the 'new' format."

*Id.*

This principle applies here.  As Plaintiff argues, adding a few words to the enjoined phrase and font cannot constitute "substantial compliance" as it would "invite endless re-litigation" of the PI and render the Court's Prior Order and the reasoning contained therein meaningless.  (Reply at 4-5).

Finally, Defendant asserts that it has obtained a trademark registration in the phrase "Meet me In Beverly Hills" "in standard characters, any font, Classes 18 and 25."  (Opp. at 12).  It appears that Defendant filed this registration after the Court's PI issued.  (Declaration of Fraser Ross (Docket No. 72-2) at Ex. B (listing date of filing as July 26, 2024)).  Defendant argues that this registration is relevant as it demonstrates good faith — as a matter of law — to comply with the PI.  (*Id*. at 13).  But Defendant provides no supporting authority that such post-injunction registration should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-8005-MWF(KSx)**                    **Date:  April 28, 2026**
Title:       Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

relevant to the inquiry on this Motion.  The only cases cited by Defendant as support for this argument involve instances where courts have found a party's interpretation of an injunction to be reasonable and in good faith, but do not comment on the relevance of post-hoc trademark registrations.  (*See* Opp. at 13); *Newmark Realty Capital, Inc. v. BGC Partners, Inc.,* CV 16-01702, 2018 WL 3093450, at \*2 (N.D. Cal. June 22, 2018).

As the Court noted at the hearing, there are two issues posed by the Motion. First, there is the question of whether the terms of the PI were violated by the Defendant's sale of the "Meet Me In Beverly Hills" merchandise, reproduced above, in the Williams Font.  The answer to that question is clearly yes.  The second issue that is posed by the Defendant's Opposition and reiterated by counsel at the hearing is whether the terms of the PI, as correctly understood, are overbroad.  Of course, such a challenge would have been properly made through an interlocutory appeal of the PI, which Defendant chose not to pursue nearly two years ago when the PI issued. Nonetheless, as the Court noted, the next avenue for relief is a motion for modification of the PI.

But the Court cautions that if a motion for modification would merely reiterate the same arguments and authorities contained in the Opposition to the present Motion, the Court would not be inclined to grant it.  First, in the Prior Order, the Court already considered and rejected the argument proffered by Defendant that the phrase "Beverly Hills" was too generic to be protected, given that the challenged use was the "Beverly Hills" phrase *in the Williams Font*.  (*See* Prior Order at 8-9; 10).  In the absence of new authority that could not have been presented on the Motion for Preliminary Injunction, the Court is not inclined to reconsider these arguments, as the period for requesting that the Court do so has long passed.

Moreover, the Court notes that Defendant pressed the argument at the hearing that the post-injunction trademark registrations in the phrase "Meet Me In Beverly Hills" in any font somehow changes the analysis of whether Defendant's use here would constitute a violation of the PI.  But as the Court noted above, Defendant has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 23-8005-MWF(KSx)**                    **Date:  April 28, 2026**

Title:      Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

provided case law that supports this contention.  Nor — in the absence of case law — does it seem intuitively persuasive that Plaintiff's putative failure to formally oppose a trademark registration for a use that has already been found likely to be infringing is a concession that the use is ***not*** infringing, as Defendant argued at the hearing.

Of course, the Court cannot adjudicate issues that have not yet been presented by the parties, and the Court cannot make a ruling on modifying the PI from the briefs on this Motion.  But in the interest of assisting the parties, the Court notes that significant development of these arguments would be necessary in order to justify modifying the PI.

In sum, the Court finds that Defendant has violated the PI.  The remaining question is what sanctions are appropriate.

## B.      **Appropriate Sanctions**

Plaintiff requests both (1) coercive sanctions in the form of a daily fine of $500 from the date this Order issues until Defendant complies with the PI and (2) Plaintiff's attorneys' fees and costs incurred in bringing the Motion.  (Motion at 10-12).

As Defendant asserts, courts must impose "the minimum sanction necessary to ensure compliance."  *U.S. v. Bright,* 596 F.3d 683, 696 (9th Cir. 2010).  Because Defendant complied with its interpretation (however unreasonable) of the PI by removing the infringing products following the issuance of the PI, the Court finds it appropriate to give Defendant a grace period of fourteen (14) days before imposing fines.  *See Federal Trade Commission v. Dinamica Financiera LLC,* CV 08-04649-MMM(PJWx), 2008 WL 11342612, at *4-5 (C.D. Cal. Sep. 22, 2008) (giving the defendant a period of seven days to comply before imposing daily fines).

Additionally, the Court shall award Plaintiff its fees and costs in bringing the Motion.  *See Perry v. O'Donnell,* 759 F.2d 702, 704-06 (9th Cir. 1985) (courts may award fees and expenses as a remedial measure for civil contempt even if contempt is

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-8005-MWF(KSx)                     Date:  April 28, 2026**
Title:       Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

not willful).  Plaintiff shall file a declaration in support of its entitlement to fees and costs by the date directed below.  As mentioned at the hearing, the requested fees must be reasonable and must not include time spent preparing for or attending the hearing.

## IV.    **CONCLUSION**

In sum, Defendant has violated the terms of the PI by selling products bearing the phrase "Beverly Hills" in the Williams Font.  Again, the terms of the PI already encompass this prohibited conduct, and the Court merely clarifies that the PI means what it says.  Nonetheless, the Court shall issue a Modified Preliminary Injunction that Plaintiff is **ENJOINED** from committing the following acts:

> making or approving any use of the phrase "Meet Me In Beverly Hills" in the Williams Font as depicted in Registration No. 1516814 in connection with manufacturing, distributing, offering for sale, or advertising any goods, products, or merchandise included but not limited to the infringing goods set forth in the Motion.

Defendant shall file a declaration with the Court declaring under penalty of perjury that it has complied with the PI by **May 12, 2026.**  If Defendant fails to file such a declaration by this date, the Court shall impose a daily fine of $500 beginning on **May 13, 2026**, and continuing each day thereafter until Defendant files such a declaration.

Plaintiff shall be awarded its attorneys' fees and costs associated with bringing this Motion.  Plaintiff shall file a declaration substantiating its fees and costs by **May 18, 2026.**  Defendants may file a written response on or before **May 26, 2026.**

A separate Modified Preliminary Injunction shall issue.

IT IS SO ORDERED.