UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-8005-MWF(KSx)** **Date: July 15, 2026**

Title: Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES [79]

Before the Court are the parties' responses to the Court's Order Granting Motion for an Order to Show Cause Re: Civil Contempt (the "Prior Order"). (Docket No. 76 at 8-9). In the Prior Order, the Court held that Defendant violated the Preliminary Injunction ("PI") and granted Plaintiff the attorneys' fees incurred in bringing the motion to enforce the PI. (*See generally id.*). The Court ordered Plaintiff to substantiate its fees and permitted Defendant to file a written response to the fee request. (*Id.* at 9).

Plaintiff filed a declaration on May 18, 2026, (Docket No. 79), and Defendant filed a response (the "Response") on May 26, 2026, (Docket No. 81).

After reviewing the documentation and papers submitted by the parties, the Court **GRANTS *in part*** the requested fees, awarding Plaintiff **$39,121.90.**

## I. LEGAL STANDARD

To determine reasonable attorneys' fees, district courts first calculate the "lodestar" by multiplying the number of hours reasonably spent by a reasonable hourly rate. *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. *Gates v. Gomez*, 60 F.3d 525, 534 (9th Cir. 1995). Once the lodestar is determined, the Court then considers whether the lodestar amount should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-8005-MWF(KSx)** **Date: July 15, 2026**

Title: Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

adjusted to accurately reflect a reasonable fee by looking at the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n.8.

## II. DISCUSSION

As an initial matter, the Court declines to take Defendant's invitation to reconsider the holding as to the appropriateness of awarding attorneys' fees as a remedial measure for violating the Preliminary Injunction ("PI"). (*See* Response at 3-6). Defendant's argument in the Response that its reading of the PI was "colorable" and "reasonable" was expressly rejected at the hearing and in the Prior Order, and the Court declines to reconsider its holding awarding fees based on this argument in the Response. (*See id.* at 5-6). Defendant has therefore given no reason to reconsider the prior holding beyond arguing that the requested fee is excessive, but the Court will assess the reasonableness of the claimed fees below.

### A. Hourly Rate

The Ninth Circuit has held that "'[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citation omitted). Generally, the relevant legal community for purposes of determining a reasonable hourly rate is the forum district. *Gates v. Rowland,* 39 F.3d 1439, 1449 (9th Cir. 1994). Moreover, the party requesting fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). "If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 23-8005-MWF(KSx)** **Date: July 15, 2026**

Title: Sajahtera, Inc. v. Kitross Apparel Los Angeles, LLC, et al.

experience and knowledge of prevailing rates in the community." *Rolex Watch USA Inc. v. Zeotec Diamonds Inc.*, No. CV 21-089-PSG (VBKx), 2021 WL 4786889, at *2 (C.D. Cal. Aug. 24, 2021).

Plaintiff is represented by two law firms: Stokes Wagner ALC and Arnold & Porter Kaye Scholer LLP. Between the two firms, Plaintiff requests fees associated with the work of four attorneys and one paralegal: Adam L. Parry, Omar V. Hernandez, and paralegal Merbeth Godoy of Stokes Wagner, and Michael Sebba and Nina Tauscher of Arnold & Porter. (*See* Declaration of Adam L. Parry, Esq. ("Parry Decl.") (Docket No. 79); Declaration of Paul C. Llewellyn ("Llewellyn Decl.") (Docket No. 79-1)). These attorneys charged the following rates in this matter:

| **Attorney** | **Role** | **Rate** |
|---|---|---|
| Adam L. Parry | Partner | $680 |
| Omar V. Hernandez | Associate | $430 |
| Merbeth Godoy | Paralegal | $220 |
| Michael Sebba | Associate | $1,365 |
| Nina Tauscher | Associate | $1,075 |

Defendant argues that the hourly rates charged by the Arnold & Porter associates are unreasonable as they are not the prevailing market rate in this District. (Response at 6-7). Defendant is correct that the "relevant community" for determining reasonable hourly rates is the forum in which the District Court sits. *See Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020) ("As a general rule, the forum district represents the relevant legal community.")

Neither party, however, presents any case law or other authority orienting the Court to what reasonable rates are in this District. Llewellyn states only in his Declaration that the rates for the two associates "are based on our firm's analysis of the prevailing market rate for attorneys with comparable qualifications, background, experience, and reputation in California." (Llewellyn Decl. ¶ 8). The Court does not assign much weight to Plaintiff's attorney's declaration given its self-serving

nature. *See Kochenderfer v. Reliance Standard Life Ins. Co*., No. 06-CV-620 JLS (NLS), 2010 WL 1912867, at *4 (S.D. Cal. Apr. 21, 2010) ("[T]he value of these declarations is questionable because they are both self-serving and self-perpetuating. Each of these attorneys works [in this area of the law] and claiming that the rates charged by Plaintiff's counsel, no matter how high, is in their own interest. A high award in this case would support the declarants' own high hourly rate requests in the future.").

Defendant responds that the reasonableness of Arnold & Porter's billing rate is belied by the rates charged by its local counsel, Stokes Wagner. Given that it was Plaintiff's burden to put forward evidence "regarding prevailing fees in the community," the Court agrees that a downward adjustment is warranted based on the failure to justify Arnold & Porter's hourly rates.

Accordingly, to determine the reasonable rates of the attorneys in this action, the Court relies on its experience and, primarily, the 2025 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices ("Real Rate Report"), published by Wolters Kluewer. Compared to Plaintiff's declarations, the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *See Rolex Watch USA Inc. v. Zeotec Diamonds Inc*., CV 02-1089 PSG (VBKx), 2021 WL 4786889, at *3 (C.D. Cal. Aug. 24, 2021) (collecting cases using the Real Rate Report to determine reasonable attorney rates in the community).

The Real Rate Report states that litigation partners in Los Angeles in the third quartile charge $1,334, with a median of $875, while associates in the third quartile charge $1,041 with a median of $700. (Real Rate Report at 20). Additionally, the Real Rate Report contains rates for paralegals generally in the United States, and states that paralegals earn between $150 and $350 with a median of $226. (*Id.* at 10). Accordingly, the rates charged by Stokes Wagner attorneys and staff are reasonable as they are all below the respective medians, but the Court will adjust the Arnold & Porter rates. For Michael Sebba, who has 10 years of experience, the Court concludes that a rate at the third quartile of litigation associates is appropriate. For

Nina Tauscher, who has three years of experience, the Court adjusts her rate to the median in Los Angeles of $700. The adjusted rates are as follows:

| **Attorney** | **Role** | **Rate** |
|---|---|---|
| Adam L. Parry | Partner | $680 |
| Omar V. Hernandez | Associate | $430 |
| Merbeth Godoy | Paralegal | $220 |
| Michael Sebba | Associate | $1,041 |
| Nina Tauscher | Associate | $700 |

**B. <u>Hours Incurred</u>**

Next, the Court considers the hours incurred by Plaintiff in filing the Motion. Defendant argues that the work performed by the two firms is duplicative, and the Court largely agrees, at least on the record submitted by Plaintiff's counsel. (*See* Reply at 9). Specifically, the declaration filed by Stokes Wagner attorney Adam L. Parry is unaccompanied by detailed time records, and rather summarizes the work performed by the firm. (*See* Parry Decl. ¶ 8). The generalized descriptions of time spent on the underlying motion make it difficult to discern if any of the work completed by Stokes Wagner attorneys was duplicative of the work performed by Arnold & Porter. For example, Parry states that associate Hernandez "worked in conjunction with co-counsel at Arnold & Porter" to, among other things, "draft and revise the motion for contempt" and supporting papers. (*Id.*). Parry also states that he "coordinat[ed] strategy for the motion" and "review[ed] and revis[ed] the moving papers and reply brief." (*Id.*). Without more, it is impossible to tell whether these hours were reasonably and necessarily incurred when Arnold & Porter's attorneys also submitted time records for the same tasks. (*See* Llewelyn Decl. at Ex. A).

The one task for which Arnold & Porter submitted no duplicative time entries is preparing and finalizing the reply brief submitted in connection with the Motion. Therefore, the Court shall award the fees incurred by Hernandez in preparing the reply, which amounts to 9.5 hours. (Parry Decl. ¶ 8). The Court will also award the fees

incurred by Stokes Wagner's paralegal, Merbeth Godoy, for her time finalizing the papers because there are no duplicative entries from any Arnold & Porter staff. (*See id.*).

In addition, the Court applies a 10% reduction to the hours billed by the two Arnold & Porter associates, as is within its discretion, because redundancies are bound to arise when there are multiple attorneys working on a simple action. *See, e.g.*, *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (affirming the rule that "[a] district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation."); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (permitting the district court to "impose a small reduction, no greater than 10 percent — a 'haircut' — based on its exercise of discretion and without a more specific explanation").

The final amount of fees awarded is thus calculated based on the following:

| **Attorney** | **Role** | **Adjusted Rate** | **Adjusted Hours** |
|---|---|---|---|
| Adam L. Parry | Partner | $680 | 0 |
| Omar V. Hernandez | Associate | $430 | 9.5 |
| Merbeth Godoy | Paralegal | $220 | 4.2 |
| Michael Sebba | Associate | $1,041 | 16.9 |
| Nina Tauscher | Associate | $700 | 23.6 |

Accordingly, the Court **GRANTS *in part*** the Motion and awards Plaintiff **$39,121.90** in fees.

IT IS SO ORDERED.